BENJAMIN EPPERSON, GUARDIAN, AND OTHERS v. JOHN T. MILLS, GUARDIAN, AND OTHERS.

A conveyance from a father to certain of his children, of real estate and slaves, in which he expressed his intention that said deed should take effect at his death, and which, after words of conveyance *in presenti*, contained a reservation to the grantor, for and during his natural life, of the right as trustee of his said children to control the aforesaid property, and for the purpose of educating, raising and supporting them, to sell any portion of said property, the benefit thereof accruing to the said grantees; held to be a device to evade the law of 1840 as to forced heirs, and therefore void.

The question whether such disposition might not be good for the one-fourth does not arise in this case, (because of the subsequent will.)

Quere, whether the deed was not testamentary in its nature, and as such subject to revocation?

Appeal from Red River. Tried below before N. E. Sutton, Esq., appointed by the parties.

On the 15th day of December, 1846, Martin Guest, Sen., executed and caused to be recorded, a deed, a copy of which is as follows:

This deed made and entered into this the fifteenth day of December, in the year eighteen hundred and forty-six, by and between Martin Guest, Senior, of the first part, and George W. Guest, Martin V. Guest, Benjamin F. Guest, James N. Guest, Tolbert Fanning Guest and Mary Susan Guest, of the second part, all of the county of Red River, in the State of Texas, witnesseth: That whereas the said Martin Guest, in the month of December, in the year eighteen hundred and thirty-one, in the State of Tennessee, was married to Mary Ann Cockran, deceased, of which marriage the said parties of the second part are the surviving issue ; and whereas the said Martin Guest is desirous to make provision for the said children, to take effect at the death of said Martin Guest, now, therefore, in consideration of the premises, and consideration of the natural love and affection which he hath towards his said children, he, the said Martin Guest, hath granted, bargained and sold, and by these presents doth give, grant, bargain and sell to the said party of the second part, all the property, both real and personal, as follows, to-wit: two thousand five hundred acres of land on which the said Martin Guest now resides, the headright of Joseph Guest, Senior, in Red River county, State of Texas. Also, the following negroes, to-wit: John, Senior, William, John, Junior, Henry, Nance, Emeline, Caroline, Angeline, Lize, Phillis, Barton, Gracy and Jonathan, with such other property as he may hereafter acquire during his natural life, subject, however to the limitation and proviso, that is to say : The said Martin Guest reserves for and during his natural life, the right as trustee of his said children, to control the aforesaid property, and for the purpose of educating, raising and supporting them, to sell any portion of said property, the benefit thereof accruing to the party of the second part, to have and to hold, the aforesaid property to said party

of the second part, their heirs, executors and administrators, free from the claim of any of the other heirs of the said Martin Guest, or the executors or administrators of such heirs, and free from the claim of all others whomsoever, subject to the limitations and proviso above mentioned.

In witness whereof the said Martin Guest hath hereunto set his hand and seal, the date first above written, in presence of George F. Lawton, Clerk.

MARTIN GUEST, [SEAL.]

On the 5th of May, 1851, the said Martin Guest, Sen., made a will in which he bequeathed all his property, same as if he had not made said deed, and taking no notice thereof.

Said Martin Guest, Senior, died ; his will was probated and his estate administered, except so far as distribution was concerned, when a controversy arose in the County Court between John C. Guest and Ephraim A. Guest, (who were sons of Martin Guest, Sen., and entitled under the will, but not mentioned in the deed,) and the grantees in the deed. The County Court decided that the estate should be distributed under the will. On appeal to the District Court, said judgment was reversed, and the estate ordered to be distributed under the deed. The parties were represented by guardians. There was no evidence extrinsic of the deed and will, except the report of the executors, which showed that there was no other property for distribution except that mentioned in the deed.

*Epperson* and *Dickson*, for appellants.

*Mills & Mills*, for appellees.

HEMPHILL, CH. J. The appellants contend that the instrument executed by Martin Guest on the 15th December, 1845, purporting to be a deed of gift of certain property specified, and of his future acquisitions, to some of his children who are named, was testamentary in its nature, and as such, subject to

revocation ; and if so, that it was revoked by his will subsequently made.

The appellees maintain that the instrument was an irrevocable deed of gift, and vested in them an exclusive right to the property.

I shall consider the instrument, not so much with the view of ascertaining whether, on general principles of law, it be testamentary in its nature, as of determining whether it be or not an evasion of those provisions of the Act of 1840 concerning wills, which inhibited parents from disinheriting their children, unless from specific causes.

The Act allowed parents the free disposition, by will, of the the one-fourth of their property ; but did not prohibit them (as was the case under previous laws,) from disposing by gift *inter vivos* of more than this fourth, or in fact of the whole of their property. The result has been the opening of a door for schemes and contrivances to elude the restrictions imposed by the Statute, on the testamentary power of parents, by gifts and pretended sales, which, in form and color, evidence a transfer of the property during the life of the parent, but under which in fact and substance and in actual beneficial enjoyment, the parent retains the use and benefit of the property during his natural life, thus relinquishing in substance his interest only when it would cease by death.

The subject was maturely considered in the case of Crain et al. v. Crain et al. decided during the last Term, (17 Tex. R. 80,) and among other matters it was in substance held, that if a parent would indulge in partialities between his children, and make a difference, he must do it directly, absolutely and by an unqualified gift, surrendering all his own interest. He must give out and out. He must not exercise his power by an act which in substance or form would take effect against his own interest only when that interest would cease.

It is true that the donor does not, in this deed, reserve in form, a life estate in himself. But he does what is equivalent.

He reserves, during his life, the control of the property as trustee for the children, and the right to sell any portion for their education and support. Whatever may be the form or words of the instrument, the effect is to reserve a life estate to the donor, giving to the donees what may remain at his death.

It cannot be pretended that the donees could require him to account during his life ; or if even so, that such accounting would impose any burthen upon the donor or interfere with his enjoyment of the property. He retains the right of control by the deed ; and there is no other property from which his debt on account could be satisfied. Upon the whole, the deed must be regarded as a shift to evade the Act of Wills restraining the testamentary power of parents, and as such is void.

The question whether such disposition might not be good for the one-fourth, does not arise in this case. If a deed of gift can in any case be valid for the one-fourth, it would only be in cases where there was no subsequent disposition of the property by will. But in this case there was a will, and the question as to the fourth, under the deed, cannot arise.

The question as to the character of the deed, whether testamentary in its mature or not, was learnedly discussed by counsel ; and the authorities referred to have been examined, and I incline to the opinion that it was testamentary, and as such, subject to revocation. It is not essential, however, that this point should be decided. But on the ground that the deed was a virtual fraud, and evasion of the Act concerning wills, we are of opinion that it was void, and it is therefore ordered and adjudged that the judgment of the District Court be reversed and the judgment of the County Court be in all things affirmed.

Reversed and reformed.