PAUL H. KELLY

*v.*

CLARA PARKER *et al.*

*Opinion filed June 17, 1899—Rehearing denied October 6, 1899.*

1. WILLS—*instrument not operative as a will unless executed with statutory formality.* An instrument in writing cannot pass title to property as a will unless signed and witnessed as required by section 2 of the act on wills.

2. DEEDS—*when instrument constitutes valid conveyance.* Under section 9 of the Conveyance act (Rev. Stat. 1874, p. 274,) an instrument in writing which designates a grantor and grantee, recites consideration, contains the usual granting words, and is sealed, signed and acknowledged as required by law, is a valid conveyance.

3. SAME—*when trust deed is not defeated by reservations.* A trust deed is not defeated because of reservations permitting the grantor to
181—4

use and control, improve and lease, the property during his life-time, enjoy the rents and profits, devise, sell or convey the property and dispose of the proceeds in the manner specified in the trust provisions, and also to revoke the deed and the trusts and powers created thereby, where such reservations are incorporated in the deed to express the grantor's intention as to the trust upon which the conveyance was made.

4. SAME—*when deed is not void as testamentary.* A trust deed containing granting words *in presenti,* purporting to convey the premises to the grantees at the time the deed was executed, is not rendered testamentary because of reservations, trusts and conditions respecting the use of the property during the grantor's life.

5. SAME—*when deed is well delivered.* A trust deed delivered to a third party as agent for the grantees is well delivered, and passes title though not recorded until after the grantor's death, where the grantor parted with all control over the instrument and permitted it to remain undisturbed in the third party's possession; and this is true though the deed contained a clause permitting the grantor to revoke the instrument.

6. The court construes the instrument in question in this case and holds it is not testamentary. (MAGRUDER, J., dissents, holding the opposite view.)

APPEAL from the Circuit Court of Cook county; the Hon. MURRAY F. TULEY, Judge, presiding.

SHOPE, MATHIS, BARRETT & ROGERS, (S. P. SHOPE, of counsel,) for appellant:

Our contention is that said instrument is void as a will because not executed and witnessed in the manner in which the statute requires wills to be executed. (Rev. Stat. chap. 148, sec. 2.) It is also void because it is testamentary in its character, and attempts a disposition of the property which could only be made by a will.

Though in the form of a deed, and intended by the parties to have that effect, an instrument will, if it vests no present interest but only appoints what is to be done after the death of the maker, be held to be testamentary. 1 Jarman on Wills, 18; 1 Redfield on Wills, 171, note 21; *Turner* v. *Scott,* 51 Pa. St. 126; *Ferguson* v. *Ferguson,* 27 Tex. 344; *Carlton* v. *Cameron,* 54 id. 77; *Wren* v. *Coffey,* 26 S. W. Rep. 142; *Bigley* v. *Souvey,* 45 Mich. 370; *Epperson* v.

*Mills,* 19 Tex. 67; *Leaver* v. *Gauss,* 62 Iowa, 314; *Burlington University* v. *Barrett,* 22 id. 60; *Leathers* v. *Greenacre,* 53 Me. 561; *Hester* v. *Young,* 2 Kelly, (Ga.) 31; *Kinard* v. *Kinard,* 1 Speer's Eq. 256; *Gillham* v. *Mustin,* 42 Ala. 365; *Reish* v. *Commonwealth,* 106 Pa. St. 521; *Johnson* v. *Sormans,* 69 Ga. 617; *Cunningham* v. *Davis,* 62 Miss. 366; *Mosser* v. *Mosser,* 32 Ala. 551; *Walker* v. *Jones,* 23 id. 448; *Massey* v. *Huntington,* 118 Ill. 80; *Roth* v. *Michalis,* 125 id. 325.

An instrument which is intended by a party to operate precisely as a will without being executed and witnessed as a will in accordance with the provisions of the Statute of Wills, will not be allowed to have the effect sought to be given it.   *Walter* v. *Way,* 170 Ill. 104; *Cline* v. *Jones,* 111 id. 563; *Hayes* v. *Boylan,* 141 id. 400.

The instrument is void as a deed because no sufficient delivery was made.   1 Devlin on Deeds, sec. 282; *Stinson* v. *Anderson,* 96 Ill. 373; *Byars* v. *Spencer,* 101 id. 429; *Cline* v. *Jones,* 111 id. 566; *Wilson* v. *Wilson,* 158 id. 567; *Basket* v. *Hassell,* 107 U. S. 602; *Olney* v. *Howe,* 89 Ill. 556; *Provart* v. *Harris,* 150 id. 40; *Walter* v. *Way,* 170 id. 96; *Shea* v. *Murphy,* 164 id. 614.

Upon an instrument in form a deed but testamentary in character no trust can be created or arise.   To create or raise a trust the property should pass absolutely to the trustee for the specific purposes, the grantor parting with all power of revocation and control.   This cannot be so where the deed is testamentary in character, as the disposition of the property does not take effect until the grantor's death, and hence is within his control. 1 Perry on Trusts, (4th ed.) sec. 97; 2 Pomeroy's Eq. Jur. sec. 1001; 1 Lewin on Trusts, 58; *Massey* v. *Huntington,* 118 Ill. 81.

ULLMANN & HACKER, for appellees:

A delivery to an agent for the grantees is as effectual as if the deed had been delivered to the grantees personally.   *Gunnell* v. *Cockerill,* 79 Ill. 79; *Mueller* v. *Meers,* 155 id. 284; *Baker* v. *Baker,* 159 id. 394; *Shea* v. *Murphy,* 164 id.

614; *Cline* v. *Jones,* 111 id. 566; *Wilson* v. *Wilson,* 158 id. 574; *Walter* v. *Way,* 170 id. 96.

The nature and quality of the interest granted by a deed are always to be ascertained from the instrument itself and are to be determined by the court, as a matter of law. The intention of the parties will control the court in the construction of the deed, but it is the intention apparent and manifest in the instrument, construing each clause, word and term involved in the construction according to its legal import and giving to each thus construed its legal effect. *Lehndorf* v. *Cope,* 122 Ill. 317.

The deed contains the granting words, "grant, bargain, sell, warrant, convey and assure," and all the parties to it intended it should be a deed of conveyance in trust, and it should be held to be such, unless some rule of law is found which will have the effect to prevent its operating as was intended. That the grant was made upon the conditions and reservations mentioned in the deed will not prevent the granting clause passing the title because inconsistent with the words of the grant. The rule of law is that the conditions and reservations that are inconsistent with the grant are void, and not the grant itself.

A life estate with power of alienation is not a fee or equivalent to a fee, unless the power is exercised by the life tenant. His estate in the land ceases with his death. Powers, however broad they may be, cannot, unexercised, enlarge a life estate into a fee simple.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This was a bill in chancery brought by Paul H. Kelly, the appellant, for partition of certain real estate in Cook county between himself and his sister, Clara Parker, as children and only heirs-at-law of James Kelly, deceased. The bill also prayed that an alleged deed executed by James Kelly on June 26, 1891, be set aside as a cloud on complainant's title.

There is no dispute between the parties in regard to the facts.    They are as follows:    For many years prior to 1891, James Kelly, of Cook county, Illinois, was the owner in fee of the following described real estate in Cook county: The west half of the north-west quarter of section 27, township 40, north, range 13, east of the third principal meridian,—except the railroad right of way owned by the Chicago and Northwestern Railroad Company.    In June, 1891, Kelly was a widower and had two children living,—Paul H. Kelly, the complainant, and Clara Parker, (wife of James O. Parker,) his only heirs-at-law.    The son, Paul H. Kelly, was married and had one daughter, Pauline G. Kelly, and the daughter, Mrs. Clara Parker, had one daughter, whose name was also Clara Parker.    On June 26, 1891, James Kelly executed a deed, by which he attempted to convey said property to Clara Parker, his daughter, and Pauline G. Kelly, his granddaughter, as trustees, which instrument was as follows:

"This indenture, made this twenty-sixth day of June, 1891, between James Kelly, a widower, of the village of Winnetka, Cook county, Illinois, of the first part, and Clara Parker, wife of James O. Parker, of the village of Winnetka, and Pauline G. Kelly, of the city of Chicago, county of Cook and State of Illinois, of the second part:

"*Witnesseth:*  That the said party of the first part, for and in consideration of one dollar to him in hand paid by the said party of the second part, the receipt whereof by said party of the first part is hereby acknowledged, and for other good and valuable considerations, by these presents does, subject to the reservations, conditions and trusts hereinafter expressed, grant, bargain, sell, warrant, convey and assure unto the said Clara Parker and Pauline G. Kelly, and to the successor in trust hereinafter provided for, their and her heirs, executors and assigns forever, all that certain piece or parcel of land situated in the county of Cook and State of Illinois, and described

as follows, to-wit: The west half of the north-west quarter of section twenty-seven (27), in township forty (40), north, range thirteen (13), east of the third principal meridian, (except the railroad right of way owned by the Chicago and Northwestern Railroad Company,) together with all and singular the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining,—to have and to hold to said party of the second part, to the successor in trust hereinafter provided for, their and her heirs, executors and assigns forever, in trust, nevertheless, for the following uses and purposes:

"*First*—During the life of said James Kelly to allow, suffer and permit him to use, occupy, manage, control, improve and lease, for any term or terms of years, said real estate, or any part thereof, in any manner and for any purposes he may desire, and to allow, suffer and permit the said James Kelly to have, use and enjoy all the rents, issues and profits of said real estate, or any part thereof, in the same manner as if he were the owner in fee simple thereof.

"*Second*—After the death of the said James Kelly, as soon as said trustees, and in case of the death of said Clara Parker, as soon as the said Pauline and the successor in trust hereinafter provided may deem advisable, to sell said real estate for cash or for part cash and part on time, to be secured by note or notes and mortgage or trust deed on said premises, as in the judgment of the said trustees, or in the judgment of the said successor in trust and said Pauline, in case of the death of said Clara Parker before such sale, may seem best, and out of the proceeds of such sale to pay: (*a*) any encumbrance of any nature which may then be on said premises, and any reasonable charge, expense or outlay for the care and improvement of said real estate which said trustees, or the said Pauline G. Kelly and said successor in trust, may deem advisable and necessary, and all proper expenses of this trust, which shall include reasonable fees for legal

advice; (*b*) the sum of $10,000 to Clara Parker, of Winnetka, Cook county, Illinois, the granddaughter of said James Kelly, and to her issue in case of her death; if she should die without issue, then said $10,000 shall be paid over to said Clara Parker, daughter of said James Kelly, and her heirs, as her and their own property forever; (*c*) the sum of $10,000 to Pauline G. Kelly, of Chicago, Illinois, the granddaughter of said James Kelly, to have and to hold in her own right forever.

"*Third*—The said Clara Parker, daughter of said James Kelly, shall retain one-half the remainder of said proceeds as her sole and exclusive property forever, and in case of her death before the division of said proceeds, then said one-half of said proceeds shall be paid to the heirs of said Clara Parker, daughter of said James Kelly.

"*Fourth*—The remaining half of said proceeds shall be invested as said trustees, or in case of the death of said Clara Parker, said first trustee, as the said Pauline and said successor in trust may deem best, and the net interest and income to be used and expended by said trustees, or the said Pauline and said successor in trust, for the use and benefit of Paul H. Kelly and Mary Kelly, of Chicago, the parents of said Pauline, during their lives, and for the use and benefit during the life of the survivor of said Paul and Mary, with remainder over to said Pauline and her heirs, if she should survive both her said parents. If said Pauline should die without issue before the longest liver of said Paul and Mary, then said one-half of said remainder in this clause mentioned shall immediately thereupon vest in and be the property of said Clara Parker, wife of James O. Parker, and her heirs: *Provided, however*, that said interest and income thereof shall be paid to said Paul and Mary, as above provided, until the death of the longest liver of said Paul and Mary.

"*Fifth*—Saving and reserving, nevertheless, unto said James Kelly full power and authority, during his natural life, to let, demise, mortgage, sell and convey said real

estate, or any part or portion thereof, upon such rents, considerations, terms, trusts, conditions and estates, in fee or any less estate or for years, and to such effect as he shall desire, and upon trust to permit him so to do, and to join him, said James Kelly, in the execution of each and every conveyance, conveyances and instruments in writing convenient or necessary to enable said James Kelly so to do, and all moneys and properties realized by the demise, mortgage or sale of said real estate, and of each and every part and parcel thereof, to suffer and permit said James Kelly to convey and dispose of in the same ways and manner as hereinbefore in this deed specified and provided with respect to the rents, issues and profits of said real estate.

"*Sixth*—Saving and reserving also to the said James Kelly full power and authority, at his option, by an instrument in writing executed under his hand and seal, to revoke this conveyance and all the powers and trusts hereby created, and require the said trustees or the said successor in trust, their or her heirs, executors and assigns, to re-convey said premises to him, the said James Kelly, or to convey the same to such person or persons as the said James Kelly may by said instrument in writing direct.

"*Seventh*—In case of the death of said Clara Parker, said first trustee, before the death of said Pauline, then said Pauline shall in that event have no power to do any act or thing under the terms of this deed except in conjunction with a successor in trust to be appointed as hereinafter provided. When a successor in trust shall be appointed as hereinafter provided, such successor shall act only in conjunction with said Pauline, except in case of the death of said Pauline, and, subject to this limitation, said successor in trust is hereby vested with all the rights, title, estate, duties, powers, trusts and obligations given by this instrument to said Clara Parker, said first trustee. If said Pauline should die before said Clara

Parker, said first trustee, then said first trustee shall have and exercise all the powers and duties hereby given to said trustees jointly.

"*Eighth*—Said Clara Parker, said first trustee, is hereby specially authorized and empowered, if she should so desire, by an instrument in writing under her hand and seal or by her last will and testament, to appoint a successor in trust to her, said Clara Parker, which said successor in trust, when so appointed, shall be and is hereby vested with all the rights, title, estate, duties, powers, trusts and obligations given by this deed to said Clara Parker, except as herein above limited, and shall be and is hereby authorized, in case of the death of said Pauline, to exercise all the powers and duties which he could jointly with said Pauline under this deed. If for any reason said Clara Parker, said first trustee, should fail to appoint, or should become incapable of appointing, said successor in trust, then said James Kelly authorizes any of said beneficiaries to apply to any court having jurisdiction of trusts, upon notice to the other beneficiaries and said Pauline, for the appointment of said successor in trust, and when such appointment shall have been made it shall have the same effect, and such successor shall have and be invested with all the powers, rights and estate, as if appointed by said first trustee, save and except that he shall first give bond in double the value of said trust estate, with surety to be approved by said court.

"*Ninth*—And the said Clara Parker and Pauline G. Kelly, party of the second part, do hereby covenant and agree to and with the said James Kelly, and his heirs and the beneficiaries herein above mentioned, that they and the said successor in trust will, and their and her heirs, administrators, executors and assigns shall, stand seized and possessed of and entitled to said premises, and each and every part thereof, and of the rents, issues, profits and avails thereof, which shall come unto their or

her hands upon the herein above expressed trusts, and none other.

"In witness whereof the said parties hereto have hereunto subscribed their names and affixed their seals the day and year first above written.

JAMES KELLY,          [Seal.]
CLARA PARKER,          [Seal.]
PAULINE G. KELLY.     [Seal.]"

The deed was duly acknowledged before a notary public by all the parties, and was then delivered to Thomas G. Windes pursuant to the following memorandum in writing:

"This is to certify that on this first day of July, 1891, James Kelly, of Winnetka, Cook county, Illinois, has delivered to me a deed of trust, dated June 26, 1891, to Clara Parker, wife of James O. Parker, of Winnetka, and Pauline G. Kelly, of Chicago, Illinois, as trustees, a copy of which is hereto attached, and which deed, at the direction of said James Kelly and at the request of said trustees, is received and retained by me as agent for said trustees, and I shall place said deed on record in the recorder's office of Cook county, Illinois, upon the death of said James Kelly.                    THOMAS G. WINDES.

"The above named Thomas G. Windes has this day received said deed in trust, as above stated.          JAMES KELLY,
                                                         CLARA PARKER,
*July 1, 1891.*                                          PAULINE G. KELLY."

The deed of June 26, 1891, remained in the hands of Thomas G. Windes from July 1, 1891, undisturbed, until after the death of James Kelly, in 1895, when the same was recorded by Windes and delivered by him to said trustees. On or about May 5, 1895, Kelly died, leaving him surviving no widow, but his children and only heirs-at-law, the complainant, Paul H. Kelly, and the defendant Mrs. Clara Parker. Kelly, the grantor, remained in possession and control of the property until his death.

On the hearing the court held that the instrument of June 26, 1891, was a valid deed, and entered a decree dismissing the bill, and the complainant appealed.

We have been furnished by counsel for appellant with an able brief and argument in support of their position, which, in view of the importance of the case, has been carefully considered.

It is first claimed that the instrument is void as a will because not executed and witnessed as required by the statute. Upon this point but little need be said. An instrument in writing in this State cannot pass title to property as a will unless signed and witnessed as required by section 2 of chapter 148 of the Revised Statutes. The instrument in question was not executed as wills are required by the statute to be executed, and it cannot be sustained as a will. Indeed, it is not claimed in the argument that the instrument is a will.

The second position of counsel is, that the instrument is void as a deed because it is testamentary in its character, and attempts a disposition of the property which could only be made by a will. The deed contains a grantor and a grantee. It recites a money consideration and other good and valuable considerations. It contains the granting words found in ordinary deeds of conveyance. It declares that the party of the first part "by these presents does, subject to the reservations, conditions and trusts hereinafter expressed, grant, bargain, sell, warrant, convey and assure unto the said Clara Parker and Pauline G. Kelly," their heirs, executors and assigns, forever. The deed was under seal, and acknowledged, as required by law, before a notary public. Our Statute of Conveyances, after providing a form for a deed, provides that "every deed in substance in the above form, when otherwise duly executed, shall be deemed and held a conveyance in fee simple to the grantee, his heirs and assigns." The deed, upon examination, will be found to contain all that is required to make a valid conveyance by the statute, and even more.

The instrument is, however, a deed in trust, and it is sought to defeat it as a deed on account of some of the

trust provisions incorporated in the instrument. These trust provisions are the first, fifth and sixth, wherein the grantor, James Kelly, is allowed to use, manage and control, improve and lease, the premises during his life, and enjoy the rents and profits; also with power, during his life, to devise, mortgage, sell and convey, with power and authority, at his option, to revoke the conveyance and all the powers and trusts thereby created. It is said that "everything the grantor attempted to convey was at the same time reserved during his life, as well as the express power to revoke the instrument itself." That construction, when all the provisions are considered, can not be placed on the instrument. The conditions and reservations incorporated in the deed, as was well said by the chancellor before whom the trial was had, were intended to express the intention of the maker of the trust upon which the conveyance was made. This is apparent, because in the very clause (the fifth) which contains the reservation to the maker of the right and power, during his natural life, to let, demise, mortgage, sell and convey, etc., the premises, it is expressly declared that the deed is "upon trust to permit him to do so." The conveyance of the property is an absolute one, but the grantor is allowed to do certain things incorporated in the reservations and conditions.

It is said the grantor did not intend that the deed should take effect until after his death. The deed contains no such provision. The words of the grant are *in presenti,* and where such is the case, upon a delivery of the deed the title to the premises will pass to the grantee. Had this deed declared that the title to the premises should not pass until the death of the grantor a different question might be presented. But such is not the language or import of the deed in question, but, on the other hand, it purports to convey the premises absolutely to the grantees at the time the deed was executed, subject

to certain reservations, conditions and trusts incorporated in the instrument.

A number of cases have been cited in the argument to establish the fact that the deed in question is testamentary, and consequently void. · We have carefully examined these cases, but do not think that they sustain the position of counsel. The first case relied on is *Thorald* v. *Thorald*, 1 Phillim. 1. Upon an examination of that case it will be found that the instrument involved purported to give the property after the death of the grantor. So, also, in *Turner* v. *Scott*, 51 Pa. St. 126, the instrument involved provided that "this conveyance in no way to take effect until after the decease of the said John Scott, the grantor." In *Carlton* v. *Cameron*, 54 Tex. 77, the grantor, at the foot of the deed, incorporated this provision: "The said Abner Lee holding in reserve all the within named estates, both real and personal, during the natural life of said Abner Lee." This clause in the deed might properly be held as a qualification of the granting clause in the instrument. *Epperson* v. *Mills*, 19 Tex. 65, is somewhat like the present case, but there it was attempted to convey not only certain property which the grantor had, but such other property as he might acquire during his life, subject to certain limitations. Upon a careful examination of the case we think the fact was disclosed on the face of the deed that it was testamentary. In *Wren* v. *Coffey*, 26 S. W. Rep. 142, the deed in substance provided that the grantors did not intend it to take effect until the death of the grantors. In *Hester* v. *Young*, 2 Kelly, (Ga.) 31, on the gift of the property it was expressly provided that it should take effect after the death of the grantor and his wife. In *Kinard* v. *Kinard*, 1 Speer's Eq. 256, the grant of the property was only to take effect on the death of the grantor. In *Gillham* v. *Mustin*, 42 Ala. 365, a deed of gift was made in the event the grantor should be killed in the war, but if he should survive or return then the

instrument to be null and void. Under the deed, of course the title to the property did not pass. In *Mosser* v. *Mosser*, 32 Ala. 551, the instrument provided it should not take effect until after the death of the donor. *Walker* v. *Jones*, 23 Ala. 448, is also a case where, by the terms of the instrument, the gift was not to take effect until the death of the donor. In *Bigley* v. *Souvey*, 45 Mich. 370, the instrument was held to be testamentary, but it was so different from the one here involved that the case has no bearing here. *Leaver* v. *Gauss*, 62 Iowa, 314, is not in point, as the deed expressly provided the estate was only to commence on the death of the grantors. In *Massey* v. *Huntington*, 118 Ill. 80, the deed was sustained by this court as a valid instrument. In *Roth* v. *Michalis*, 125 Ill. 325, the deed was held to be testamentary, but there the instrument contained the following: "To have and to hold the said undivided half of my real and personal estate, money, claims and demands which I may leave at the time of my death, after the payment of my just debts, in trust for the heirs of my wife." Under this provision in the instrument it could not be held other than testamentary. But the ruling in that case cannot apply here. We have also been referred to *Pinkham* v. *Pinkham*, 55 Neb. 729, where a deed was held to be testamentary and invalid, but in that case the deed expressly provided, "this deed is to take effect and be in full force from and after my death," —that is, the death of the grantor. The case does not apply here, as the deed in question contains no such provision. Indeed, our attention has been called to no case where an instrument like the one in question has been held to be testamentary. We are aware of no case in this court where a deed like the one in question has been before the court for construction. But in *Shackelton* v. *Sebree*, 86 Ill. 616, a deed was involved containing covenants of warranty with the following provision: "This deed not to take effect until after my decease—not to be recorded until after my decease." The instrument was sustained

as a valid deed of conveyance. This case was followed and approved in *Harshbarger* v. *Carroll*, 163 Ill. 636. Other cases of a similar character have been cited, but it will not be necessary to refer to them here.

We are satisfied, after a careful consideration of the deed and its different provisions, that it was a valid deed, and that the title to the premises passed under it to the grantees therein, in trust for the purposes specified in the instrument.

It is next insisted that the deed was never delivered, and on that ground it is invalid. The deed was placed in the possession of Thomas G. Windes by the grantor on the first day of July, 1891,—three days after it was executed. Windes received the deed at the request of the trustees, and held the deed for them as their agent. It nowhere appears that the grantor had the right to recall the delivery of the deed to Windes for the trustees, nor did he have any control whatever over the deed after it was delivered into the possession of Windes. When Windes received the deed into his possession he did so for the trustees and as their agent. A delivery to an agent is a delivery to the principal, and the delivery was as binding and conclusive as if it had been made to the trustees in person. The fact that the deed was not to be recorded until the death of James Kelly did not affect its delivery. If authority to sustain the delivery in this case is needed, the following cases may be regarded as sufficient: *Gunnell* v. *Cockerill*, 79 Ill. 79; *Baker* v. *Baker*, 159 id. 394; *Walker* v. *Way*, 170 id. 96.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*

Mr. JUSTICE MAGRUDER: I think that the deed is testamentary and an attempt to evade the Statute of Wills.