EARL PAYNE, Plaintiff-Appellant, *v.* THE RIVER FOREST STATE BANK & TRUST COMPANY, Ex'r of the Estate of Emily T. Payne, Deceased, *et al.*, Defendants-Appellees.

First District (4th Division) No. 78-1875

Opinion filed February 28, 1980.

C. Jackson Darnall, of Darnall, Polachek & Associates, of Franklin Park, for appellant.

J. Stirling Mortimer, of J. Stirling Mortimer, Ltd., of Chicago, for appellees.

Mr. PRESIDING JUSTICE LINN delivered the opinion of the court:
Plaintiff, Earl Payne, filed suit in the circuit court of Cook County against the defendant land trustee, River Forest State Bank and Trust Company (the bank), and the defendant land trust beneficiary, Katy Pat Johansson, to set aside the *inter vivos* land trust established by his deceased wife. Plaintiff alleged that the creation of the trust resulted in a fraud upon his marital rights. By his action, plaintiff sought to impose a constructive trust on the trust res to the extent of his statutory share as surviving spouse. Ill. Rev. Stat. 1977, ch. 110½, par. 2—8.

Defendant Johansson's section 45 motion (Ill. Rev. Stat. 1977, ch. 110, par. 45) to dismiss plaintiff's complaint for failure to state a cause of action was allowed by the trial court. Plaintiff appeals. We affirm.

The allegations of the complaint disclose that on September 30, 1952, Emily Payne established a land trust with the River Forest State Bank and Trust Company as trustee. By the terms of the land trust agreement, the bank as trustee agreed to hold title to certain real estate. Emily Payne, as settlor, reserved to herself for life, the right to the earnings, avails, and proceeds of the real estate. She further reserved the right to amend or revoke the trust, and the right to direct the bank trustee's actions with respect to the real estate.

Two years after her marriage to plaintiff, Emily Payne modified the trust agreement granting plaintiff a remainder interest of one-half of the beneficial ownership. Several years later, Emily Payne amended the trust agreement to reduce plaintiff's remainder beneficial interest to one-third. In 1963, by further amendment, Emily Payne designated her daughter, Patricia Johansson, as remainder beneficiary of the entire trust property.

Thereafter, on April 4, 1968, plaintiff and Emily Payne were appointed legal guardians of the two natural grandchildren of Emily Payne. Two days later, Emily Payne amended the land trust agreement to provide that her grandchildren, Katy Pat Johansson and Norman Johansson, would be the sole equal beneficiaries of the remainder interest. On May 12, 1975, Emily Payne again amended the land trust agreement, giving Katy Pat Johansson the entire remainder interest.

On May 17, 1975, Emily Payne executed her will naming Katy Pat Johansson sole legatee. On June 24, 1977, after Emily Payne's death, plaintiff renounced her will and claimed his statutory share in her estate. Plaintiff subsequently filed the instant action seeking to set aside the land trust agreement, alleging in his complaint: (1) that the fair market value of the real estate held in trust is $130,000 and represents substantially the total assets of Emily Payne's estate; and (2) that Emily Payne amended the land trust agreement to defeat his statutory share as surviving spouse. On motion of defendants, plaintiff's complaint was dismissed by the trial court for failure to state a cause of action and plaintiff appeals.

OPINION

■■ Initially, we note that in general, under Illinois law, an owner of property has an absolute right to dispose of his property during his lifetime in any manner he sees fit. He may do so even though the transfer is for the precise purpose of minimizing or defeating the statutory marital interest of his spouse in the property transferred or conveyed. (*Johnson v. La Grange State Bank* (1978), 73 Ill. 2d 342, 357, 383 N.E.2d 185, 192; *Hoeffner v. Hoeffner* (1945), 389 Ill. 253, 59 N.E.2d 684; *Blakenship v. Hall* (1908), 233 Ill. 116, 84 N.E. 192.) The transfer or conveyance is not subject to attack by his surviving spouse unless the transaction is a sham and colorable or illusory and tantamount to a fraud on his marital rights. *Johnson v. La Grange State Bank* (1978), 73 Ill. 2d 342, 358, 383 N.E.2d 185, 192; *Holmes v. Mims* (1953), 1 Ill. 2d 274, 115 N.E.2d 790.

Recently, the Illinois legislature affirmed this principle by enacting Public Act 80-737, approved and effective September 16, 1977 (Ill. Rev. Stat. 1977, ch. 110½, pars. 601, 602), which provides:

"§1. An otherwise valid transfer of property, in trust or otherwise, by a decedent during his or her lifetime, shall not, in the absence of an *intent to defraud*, be invalid, in whole or in part, on

the ground that it is *illusory* because the decedent retained any power or right with respect to the property.

§2. This act takes effect upon becoming a law and applies to savings account trusts established on or after its effective date, *and as to all other transfers* this Act is declaratory of existing law." (Emphasis added.)

Accordingly, under this statute, to prove that a transfer of property is invalid on the grounds that it is colorable or illusory, intent to defraud must be established. See also *Johnson v. La Grange State Bank* (1978), 73 Ill. 2d 342, 358-59, 383 N.E.2d 185, 192.

■■ In *Johnson v. La Grange State Bank* (1978), 73 Ill. 2d 342, 359, 383 N.E.2d 185, 193, the supreme court noted that intent to defraud the surviving spouse of his marital rights does not carry with it the traditional meaning of fraud but rather is found in the nature of the transfer itself. While a surviving spouse's marital rights can be defeated by an actual transfer, a purported transfer in which the owner does not intend to convey a present interest but intends to retain total and complete ownership, indicates an intent to defraud the surviving spouse. 73 Ill. 2d 342, 359-60, 383 N.E.2d 185, 193. See also *Toman v. Svoboda* (1976), 39 Ill. App. 3d 394, 349 N.E.2d 668.

■■ The fraud, as defined by the supreme court, relates to the absence of present donative intent to transfer an interest in property, not to the presence of an intent to defeat the statutory marital rights of the surviving spouse. (73 Ill. 2d 342, 360-61, 383 N.E.2d 185, 193, quoting *Toman v. Svoboda* (1976), 39 Ill. App. 3d 394, 349 N.E.2d 668.) In *Johnson*, the supreme court held that an *inter vivos* transfer of property is valid against the marital rights of the surviving spouse unless the transaction is tantamount to a fraud as manifested by the absence of donative intent to make a conveyance of a present interest in the property conveyed. Without this present donative intent, the transfer is a sham and an illusory or colorable transfer of legal title. 73 Ill. 2d 342, 361, 383 N.E.2d 185, 194.

■■ Thus, the intent of the transferor determines whether the creation of an *inter vivos* land trust, as was created in this case, is an effective present transfer or is a testamentary disposition. Since a surviving spouse has only an interest in property which becomes a part of the decedent's estate (Ill. Rev. Stat. 1977, ch. 110½, pars. 2—1, 2—8), it follows that he would have no claim to an interest in property transferred by a valid *inter vivos* conveyance.

Plaintiff contends that his complaint states a cause of action for fraud upon his marital rights since the complaint alleges: (1) the trust was amended at various times for the purpose of defeating his statutory share to the property; (2) Emily Payne reserved the sole and exclusive power to direct the trustee and the power to amend or revoke the trust; (3) Emily

Payne retained the absolute right to all of the earnings of the trust property during her lifetime; and (4) Emily Payne failed to relinquish any incidents of ownership during her lifetime. Plaintiff argues that where the settlor of a land trust retains a life estate in the trust property and a power to direct the trustee and revoke or amend the trust, the conveyance fails to transfer any present interest to the beneficiary of the remainder and therefore is testamentary in nature. Thus, plaintiff does not contend that the land trust itself is invalid, but rather that the trust res is subject to his statutory share as surviving spouse since the trust is a testamentary disposition. Plaintiff underscores Emily Payne's retained powers to control the trustee's actions and amend or revoke the trust at any time, to counter the conclusion that Emily Payne presently intended to transfer to Katy Pat Johansson the remainder beneficial interest when she amended the trust for the final time.

 ▌ While the reserved powers indicate that the settlor retained a significant degree of control over the trust res, the *form* of control which the settlor retains over the trust does not make it invalid as against the surviving spouse. (*Johnson v. La Grange State Bank* (1978), 73 Ill. 2d 342, 363, 383 N.E.2d 185, 195; *Gurnett v. Mutual Life Insurance Co.* (1934), 356 Ill. 612, 191 N.E. 250.) The settlor's retention of the power to revoke, even when coupled with the reservation of a life interest in the trust property, does not render the trust inoperative (73 Ill. 2d 342, 364, 383 N.E.2d 185, 195; *Bear v. Milliken Trust Co.* (1929), 336 Ill. 366, 168 N.E. 349; *Kelly v. Parker* (1899), 181 Ill. 49, 54 N.E. 615.) While retention of a life interest is relevant on the issue of the existence of *present* donative intent, it is not controlling:

> " '[B]ecause it is at least equally compatible with the retention by the donor-spouse of a present life estate in the shares, so that the precise subject matter of the gift which the donor-spouse presently intended to give was, not the full present fee interest in the shares, but rather the vested *future fee interest only*.' (Emphasis in original.)" *Johnson v. LaGrange State Bank* (1978), 73 Ill. 2d 342, 361, 383 N.E.2d 185, 193-94, citing *Toman v. Svoboda* (1976), 39 Ill. App. 3d 394, 401, 349 N.E.2d 668. See also *Farkas v. Williams* (1955), 5 Ill. 2d 417, 421-22, 125 N.E.2d 600, 603.

Thus, if the power to revoke a trust, coupled with the settlor's retention of a life interest in the trust res does not render a transfer testamentary, a settlor's reserved power to direct the trustee likewise should not make the transfer testamentary.

> " 'Often the grantor-settlor holds back for himself the power to manage the property directly and indirectly. He provides that he himself shall have power to sell, lease, mortgage, pay taxes, make investments, and perform other acts of trust administration, or that

he shall have authority to direct the trustees how they shall perform these duties. These reservations have not generally been deemed to show that the grantor remains during his life the master of the property to such an extent as to make his gift to the *cestuis* testamentary. So long as the trust continues, the *cestuis* have equitable interests, no matter who acts for them in protecting those interests, whether it be trustee or settlor. If the exercise of these powers by the settlor involves the total or partial destruction of the trust, as where the settlor has power to sell the *res* and keep the proceeds, the power seems to be treated as practically that of revocation of the trust. It leaves an equitable interest in the *cestui* till revocation. It shows a vested interest, subject to divestment, and not the lack of any interest at all.' " *Farkas v. Williams* (1955), 5 Ill. 2d 417, 431, 125 N.E.2d 600, 607-08, citing I Bogert, Trusts and Trustees §104, at 484-85. See also Scott, Trusts §57.2, at 480 (3d ed. 1967) (settlor's reservation of a life interest, power to revoke or modify, and power to control the trustee in the administration of trust does not render the trust testamentary); Restatement (Second) of Trusts §57 (1959).

Indeed, in *Johnson v. La Grange State Bank* (1978), 73 Ill. 2d 342, 383 N.E.2d 185, the *inter vivos* trust upheld by the supreme court as an effective transfer of a present interest provided that the settlor was the trustee and that the entire income of the trust was to be paid to her during her lifetime. Additionally, she reserved a discretionary power to invade the principal of the trust. She also retained broad powers to invest, reinvest, divide, and distribute the trust property to alter, modify, or revoke the trust agreement. These powers are substantially similar to the powers which were allegedly retained by Emily Payne, the settlor here.

■■ In *Johnson*, these retained powers did not prove that the settlor lacked present donative intent and thereby intended to defraud her spouse of his marital rights. It follows then that a complaint, such as the one at bar, which merely alleges these retained powers and concludes therefrom that the settlor failed to relinquish any incidents of ownership during her lifetime, fails to state a cause of action for fraud upon a spouse's marital rights.

Additionally, the Illinois legislature has made clear that a transfer shall not be invalidated "in the absence of intent to defraud" on the grounds that it is illusory because "the deceased retained *any* power or right with respect to the property." (Emphasis added.) (Ill. Rev. Stat. 1977, ch. 110½, par. 601.) While this act was not effective when Emily Payne created the land trust here, the act, "as to all other transfers" is declaratory of existing law. Ill. Rev. Stat. 1977, ch. 110½, par. 602.

■■ Thus, a cause of action for fraud upon a surviving spouse's marital

rights must allege sufficient facts from which the deceased spouse's absence of present donative intent may be inferred. A complaint which does not allege sufficient facts to demonstrate a cause of action may not be remedied by liberal construction. (*First National Bank v. City of Aurora* (1978), 71 Ill. 2d 1, 373 N.E.2d 1326.) The complaint may not rest upon conclusions of fact unsupported by allegations of specific facts from which such conclusions may be drawn. *Treister v. American Academy of Orthopaedic Surgeons* (1979), 78 Ill. App. 3d 746, 396 N.E.2d 1225.

The complaint here alleges that Emily Payne executed the trust four years prior to her marriage, amended it at various times, and almost two years prior to her death amended the land trust agreement so that Katy Pat Johansson was designated as the sole beneficiary of the remainder. We cannot determine from these facts that Emily Payne did not presently intend to transfer any interest. As the supreme court in *Johnson* stated: "The declaration of trust immediately created an equitable interest in the [beneficiary], although the enjoyment of the interest was postponed until [the settlor's] death and subject to her power of revocation. This, however, did not make the transfer illusory." 73 Ill. 2d 342, 364, 383 N.E.2d 185, 195. See also *Farkas v. Williams* (1955), 5 Ill. 2d 417, 125 N.E.2d 600; *Toman v. Svoboda* (1976), 39 Ill. App. 3d 394, 349 N.E.2d 668.

The complaint here merely alleges the various powers Emily Payne retained to herself as settlor and concludes that she failed to relinquish any incidents of ownership during her lifetime. However, these reserved powers do not support the conclusion that Emily Payne failed to relinquish any incidents of ownership during her lifetime. (See *Johnson v. La Grange National Bank* (1978), 73 Ill. 2d 342, 383 N.E.2d 185.) For example, if Emily Payne had exercised any of her reserved powers to deplete the res of the land trust, that act would indicate that she did *not* intend to make a valid and effective transfer at the time of the conveyance. (See *Johnson v. La Grange National Bank* (1978), 73 Ill. 2d 342, 365, 383 N.E.2d 185, 195.) Similarly, if Emily Payne and Katy Pat Johansson had reached a secret or tacit understanding, so that in reality Emily Payne retained complete ownership, that understanding, if alleged, would support the inference that Emily Payne lacked present donative intent and thus intended to defraud her spouse of his marital rights. (*Johnson v. La Grange National Bank* (1978), 73 Ill. 2d 342, 383 N.E.2d 185.) The complaint here, on its face, fails to allege any facts which would support the inference that Emily Payne lacked present donative intent when she amended the land trust agreement naming Katy Pat Johansson sole beneficiary. Consequently, the complaint fails to state a cause of action for fraud upon the plaintiff's marital rights.

Finally, we note that while it is true, as plaintiff asserts, that none of

the cases discussing *inter vivos* trusts and the attendant marital rights of the surviving spouse involve Illinois land trusts, nevertheless, the trust principles articulated in those cases apply. "Because a new use is being made of the trust does not mean new principles of law are to be applied in determining the rights of the trustee [or], the *cestuis que* trust, * * *." *Schumann-Heink v. Folsom* (1927), 328 Ill. 321, 327, 159 N.E. 250, 252.

Accordingly, for the reasons given, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

JIGANTI and ROMITI, JJ., concur.