(No. 52548.—)

JAMES D. ROGERS, Appellee, v. ROBSON, MASTERS, RYAN, BRUMUND AND BELOM, Appellants.

*Opinion filed June 20, 1980.*

O'Brien & Garrison, Ltd., of Joliet (James E. Garrison and James R. Fabrizio, of counsel), for appellant.

James D. Rogers, *pro se.*

Howard H. Braverman, of Springfield, for *amicus curiae* Illinois State Bar Association.

John E. Guy, of Abramson & Fox, of Chicago, for *amicus curiae* Illinois Defense Counsel.

MR. CHIEF JUSTICE GOLDENHERSH delivered the opinion of the court:

Plaintiff, James D. Rogers, M.D., appealed from the judgment of the circuit court of Will County entered in favor of defendants, Robson, Masters, Ryan, Brumund and Belom, upon allowance of their motion for summary judgment. The appellate court reversed and remanded (74 Ill. App. 3d 467), and we allowed defendants' petition for leave to appeal.

In plaintiff's complaint, filed *pro se*, it is alleged that he had been named as a party defendant in an action alleging that a post-operative wound infection was due to the negligence and carelessness of the plaintiff and his co-defendants; that discovery depositions taken by defendants, the attorneys employed by plaintiff's insurance company, showed that there was no negligence on the part of plaintiff; that despite that fact and contrary to plaintiff's wishes and instructions conveyed to the defendants, a settlement was negotiated in the malpractice action. The complaint alleged damages suffered by plaintiff.

Defendants' motion for summary judgment shows that at the time of the alleged negligent acts out of which the malpractice action arose plaintiff was insured by Employer's Fire Insurance Company, and that defendants negotiated a settlement with the plaintiff in the malpractice action and, upon execution of a covenant not to sue, paid $1,250 and effected dismissal of the action as to plaintiff. The policy under which plaintiff was insured provided that the written consent of a former insured was not required before the insurer made any settlement of any claim or suit "even if such claim or suit was made, preferred or alleged while such former insured was an insured under this policy."

In an affidavit filed in opposition to the motion for summary judgment plaintiff stated that during the pendency of the malpractice action he repeatedly informed one

of the partners in the defendant law firm that he would not consent to the settlement of the action, that he was assured that the action would be defended, and that at no time was he advised that defendants intended to settle the malpractice suit.

The circuit court allowed defendants' motion for summary judgment and plaintiff appealed. In reversing, the appellate court held that under the terms of the policy plaintiff's insurer was authorized to settle the medical malpractice action without plaintiff's consent. It held, however, that when defendants became aware that a settlement was imminent and that plaintiff did not wish the case settled, a conflict arose which prevented their continuing to represent both plaintiff and the insurer without a full and frank disclosure of the circumstances. The appellate court held that defendants, having continued to represent both plaintiff and the insurer without the requisite disclosure, breached their duty to plaintiff and would be liable to him for any loss caused by the lack of disclosure.

Defendants contend that they did not breach an independent duty owed to plaintiff; that because the insurer was authorized to settle the malpractice litigation without plaintiff's consent, no conflict of interest arose between the parties to the insurance contract; and that the alleged conflict upon which the majority opinion of the appellate court rests was not argued by plaintiff. They argue, too, that plaintiff suffered no damage as a proximate result of the alleged failure to advise him of the impending settlement. *Amici curiae,* the Illinois Defense Counsel and Illinois State Bar Association, argue that the appellate court erred in implying that proof of a violation of the canons or disciplinary rules of the American Bar Association Code of Professional Responsibility established a *per se* basis for imposing liability on an attorney in a malpractice action.

It is plaintiff's position that the appellate court correctly reversed the circuit court judgment for the rea-

son that there is presented a genuine issue of material fact. He argues that it was the duty of defendants to inform him of the intent to settle and that his consent to the settlement was required.

In *Econo Lease, Inc. v. Noffsinger* (1976), 63 Ill. 2d 390, 393, the court said:

> "A motion for summary judgment will be granted if the pleadings, depositions, admissions and affidavits on file reveal that there is no genuine issue as to any material fact and that the movant is entitled to a judgment or decree as a matter of law. (Ill. Rev. Stat. 1975, ch. 110, par. 57(3); *Carruthers v. B. C. Christopher & Co.,* 57 Ill. 2d 376.) A reviewing court must reverse an order granting summary judgment if it is determined that a material question of fact does exist."

Defendants' motion for summary judgment and the affidavit filed in support of the motion refer only to the insurer's authority to settle the malpractice suit and do not deal with the matters stated in plaintiff's affidavit.

Although defendants were employed by the insurer, plaintiff, as well as the insurer, was their client (*Thornton v. Paul* (1978), 74 Ill. 2d 132; *Maryland Casualty Co. v. Peppers* (1976), 64 Ill. 2d 187) and was entitled to a full disclosure of the intent to settle the litigation without his consent and contrary to his express instructions. Defendants' duty to make such disclosure stemmed from their attorney-client relationship with plaintiff and was not affected by the extent of the insurer's authority to settle without plaintiff's consent. We need not and therefore do not consider the question whether plaintiff's insurance carrier was authorized to settle the malpractice action without his consent.

Further, since no disclosure was made and plaintiff was not given the opportunity to elect what course to pursue, we need not speculate what recourse, if any, plaintiff

had under the terms of the insurance policy. Nor need we reach the question whether plaintiff can prove damages which are the proximate result of the breach of the duty to make a full disclosure of the conflict between defendants' two clients. It cannot be determined from this record what damages, if any, plaintiff can prove. We decide only that this record does not preclude the possibility that some damage to plaintiff may have flowed from defendants' alleged failure to make the requisite disclosure.

The record does not show that there is no genuine issue as to any material fact and the judgment of the appellate court is affirmed.

*Judgment affirmed.*