CALVIN COOK, Plaintiff-Appellant, *v.* BURTON D. GOULD, Defendant-Appellee.

Third District   No. 82—16

Opinion filed September 23, 1982.

Mark L. Schwartzman, of Rosenfeld, Rotenberg, Schwartzman, Hafron & Shapiro, of Chicago, and Thomas R. Wilson, of Herschbach, Tracy, Johnson, Bertani & Wilson, of Joliet, for appellant.

James E. Garrison, of Garrison, Fabrizio and Hanson, Ltd., of Joliet, for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

This appeal involves attorney malpractice. The plaintiff, Calvin Cook, seeks damages occasioned by the negligence of Burton Gould, his former attorney, in failing to file Cook's personal injury claim against the city of Joliet within the statutory period of limitations.

Cook's claim against the city of Joliet stems from injuries he received as a result of a motorcycle accident. Late on the evening of August 10, 1974, Cook encountered a large oil slick in the middle of Collins Street, Joliet, Illinois. The motorcycle he was riding slid out from under him, causing him injury. Shortly thereafter, Cook retained defendant Gould to represent him in a suit for the damages he sustained as a result of the accident. Defendant Gould undertook the representation but failed to institute a lawsuit within the statutory period. Nearly 10 months after the statute had expired, Burton Gould notified Cook that he had attempted to file suit but the papers were lost and never received by the Clerk of the Circuit Court of. Will County. Gould further informed Cook that this prejudiced his suit and there was nothing further that he could do for him regarding his claim against the city of Joliet.

Soon thereafter, Cook obtained his present counsel and instituted the instant action against Burton Gould for legal malpractice seeking $125,000, the loss of value of his claim negligently prosecuted by

Gould. Prior to trial, defendant Gould admitted liability as to all issues except the issue of proximate cause. Gould specifically denied any proximate cause between his negligence and any actual loss to Cook. Attorney Gould's point is that Cook's case against the city of Joliet was worthless. And that since the case was worthless, Cook suffered no loss when Attorney Gould permitted the statute of limitations to expire without filing suit.

Subsequently, defendant Gould filed a motion *in limine* to preclude Cook from introducing any evidence or testimony regarding the manner of the breach of duty since Gould already admitted his duty and breach thereof in failing to timely file the lawsuit against the city of Joliet. Plaintiff Cook was barred from introducing evidence as to the nature of defendant Gould's negligence in the handling of Cook's claim. Thus, the trial court stated, the malpractice case would be decided solely on the merits of the original cause of action against the city of Joliet.

Plaintiff Cook moved that the court shift the burden of proof of the meritorious nature of the original cause from himself to Gould to show the cause as nonmeritorious, since an attorney-client relationship existed and Gould admittedly failed to file Cook's cause of action within the statute of limitations. This motion was denied by the court as being contrary to the recognized law in Illinois.

The case proceeded to trial. The evidence on the underlying claim showed that Cook was traveling north on Collins Street in Joliet, Illinois, on his motorcycle between midnight and 1 a.m. on August 10, 1974. In the 600 block of North Collins Street, Cook encountered an oil spill on the pavement, and his motorcycle skidded out from under him. Cook had his headlights on, was not speeding, and had no warning of the oil slick. Shortly after 9 p.m. on August 9, 1974, a tanker truck was seen leaking oil on Collins Street in the vicinity of the accident. The witness who testified that he saw the tanker leaking oil stated that he did not call the city or anyone to report the oil spill.

The police officer investigating the accident recalled that the oil slick was approximately 50 to 75 feet long, but could not remember the width of the slick. He testified that it was his responsibility on the night in question to patrol Collins Street. His patrol car was the only one in the area that evening and that he came on duty at 11 p.m. on August 9, 1974. While it was his custom to travel Collins Street several times during the evening because that street was heavily traveled, he could not recall whether he made any trips up or down Collins Street prior to the accident on the night in question. When he was called to the scene following the accident, the oil slick had to be

pointed out to him. Prior to the call to investigate Cook's motorcycle accident, the police did not receive any calls regarding the oil slick.

At the close of the plaintiff's case, the defendant presented his oral motion for a directed verdict. After argument the court sustained the motion on the grounds the city of Joliet did not have actual or constructive notice of the oil on the street in question. The plaintiff Cook appeals.

Initially, Cook claims that the trial court erred when it refused to shift the burden of proof to the defendant to show the underlying cause of action was not meritorious. Cook concedes that the established law in Illinois is that he, as plaintiff, has the burden of proving the existence of an attorney-client relationship and that his claim would have been successful had it not been for the negligence of the attorney. (*Priest v. Dodsworth* (1908), 235 Ill. 613.) Cook urges this court, however, to modify the rule for cases where the cause of action is lost through the failure of the attorney to file the cause of action within the applicable statute of limitations. In such cases he urges that we require the negligent attorney to show that the underlying action was not meritorious and would not have been successful even if the suit had been filed within the statute of limitations. We are not inclined to suggest such a change in the Illinois law. Notwithstanding the state of the law, however, we can conceive of situations where the attorney, because of equitable considerations, might be estopped to deny the validity of the underlying lawsuit. Such estoppel would give rise to a shifting burden of proof that would require the lawyer, in the first instance, to present some evidence as to the lack of value of the underlying action. The instant action, however, is not such a case.

A legal malpractice action is no different from a cause of action for ordinary nonprofessional negligence: a plaintiff must show duty, breach thereof, and injury proximately caused by the negligence. Thus, in an action for legal malpractice, the client has the burden of proving the existence of the attorney-client relationship, the breach of duty owed by virtue of that relationship, and that such negligence was the proximate cause of the injury or loss to the client. Even assuming that the attorney was negligent in permitting the statute of limitations to run on a client's cause of action, as in the instant case, it is incumbent upon the client to prove that the negligence was the proximate cause of his loss; that is, that had the attorney filed within the statutory period, the client would have prevailed. (See Annot., 90 A.L.R.3d 293 (1979).) This is the law. The trial court was correct to rule that it was Cook's burden to show that his original claim against the city of Joliet was meritorious.

■ ■ Cook's next claim of error is that the trial court improperly granted Gould's motion *in limine* which restricted Cook from introducing evidence regarding Gould's negligence in preparation of Cook's claim against the city of Joliet. We do not agree. The trial court was correct in granting Gould's motion. Prior to trial, Gould admitted the attorney-client relationship, admitted that it was his duty to file the suit within the statute of limitations, and admitted the fact he did not timely file the suit. The only remaining disputed issues of material fact were the issues of proximate cause and damages. No evidence was needed to prove the issues of duty or breach thereof. The defendant admitted them. The presentation of evidence on those issues would clearly be prejudicial and impugn the defendant's character. The granting of a motion *in limine* is a matter within the discretion of the trial court. In exercising its discretion, the trial court should balance the prejudice that might be avoided against the complication or inconvenience that might be caused by granting the motion. (*Department of Public Works & Buildings v. Roehrig* (1976), 45 Ill. App. 3d 189.) In the instant case prejudice is avoided and the case going to the jury is simplified by granting the motion *in limine*. Thus, we conclude the trial court did not abuse its discretion in granting Gould's motion *in limine*.

Finally, Cook claims error when the trial court directed a verdict in favor of Gould at the close of Cook's case. Cook's underlying cause of action was based on the negligence of the city of Joliet in failing to discover and remedy a defective condition existing on a city street. Under the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1979, ch. 85, par. 3—102), the city of Joliet has a duty to maintain its streets in a reasonably safe condition. The city, however, cannot be liable for a dangerous or defective condition on its streets "*** unless it is proven that it had actual or constructive notice of the existence of such a condition that it is not reasonably safe in sufficient time prior to an injury to have taken measures to remedy or protect against such condition." Ill. Rev. Stat. 1979, ch. 85, par. 3—102.

The uncontradicted evidence shows that oil was spilled from a truck onto Collins Street between 9 p.m. and 9:30 p.m. on August 9, 1974. The witness observing this did not call the city or the police department. In fact, the police department did not receive any calls about the oil slick until Calvin Cook's accident which occurred approximately three to four hours later, between midnight and 1 a.m., August 10, 1974. All parties agree that Collins Street was a busy thoroughfare. The oil was dark in color as was the asphalt street surface.

Neither Cook nor his companion could see the slick as they slowly traveled the street with their headlights working properly. When the police officer arrived to investigate Cook's accident, he had to be taken over and shown the oil slick.

■ The city cannot be held to have constructive notice unless the condition is in existence for such a length of time that the public authorities should have discovered it. While the issue is generally one for the trier of fact, it becomes a question of law only if all the evidence when viewed in its aspect most favorable to the plaintiff so overwhelmingly favors the defendant that no contrary finding based on that evidence could ever stand.

■ Considering that the street was well-traveled and patrolled by the police, yet no one noticed or reported any problems on Collins Street prior to the accident in question; considering the unconspicuous nature of the oil slick; considering the short time the spill remained on the street and considering the time of day was late evening, we believe that it was not improper for the trial court to find, as a matter of law, the city of Joliet did not have actual or constructive notice of the oil slick on Collins Street prior to Cook's motorcycle mishap.

For the reasons herein stated, the judgment of the Circuit Court of Will County is affirmed.

Affirmed.

BARRY, P. J., and STOUDER, J., concur.