TERRANCE J. COUGHLIN, Plaintiff-Appellee, v. DENNIS A. SeRINE,
Defendant-Appellant.

First District (2nd Division) No. 86—1569

Opinion filed March 31, 1987.—Rehearing denied April 22, 1987.

BILANDIC, J., concurring in part and dissenting in part.

Arnold H. Landis, of Chicago, for appellant.

Terrance J. Coughlin, *pro se*, and Carl M. Walsh, both of Chicago, for appellee.

JUSTICE HARTMAN delivered the opinion of the court:

Defendant-counterplaintiff appeals the dismissal for failure to state a cause of action of his five-count, second amended counterclaim.

On September 18, 1984, Dennis SeRine, defendant and counterplaintiff, met with attorney Terrance Coughlin, plaintiff and counterdefendant, and engaged him for representation with respect to a stock redemption agreement between SeRine and Richard Mandell and Republic Service Bureau, Inc. (Republic). The stock redemption agreement provided that SeRine was to be paid $1,200,000 in periodic payments over a five-year period. In consideration for those payments, SeRine agreed to transfer his 50% ownership interest in Republic to Mandell and entered into a noncompetition restrictive covenant lasting for the five-year payment period and applying to any State where Republic "conducted or conducts business."

SeRine apparently employed Coughlin in order to determine his rights and obligations under the contract. SeRine sought to preserve his right to the remaining $700,000 in payments under the contract which had been partially performed, but sought to avoid the covenant not to compete. SeRine paid Coughlin an initial retainer of $2,000 against which he would be billed for reasonable and necessary work at the rate of $125 per hour for inside office work and $150 per hour for work performed by Coughlin outside his office. On September 20, 1984, Coughlin allegedly mailed a letter to SeRine setting out the terms of the retainer agreement. The letter contained a clause providing for a bonus for Coughlin to be agreed upon by the parties if his employment resulted in a satisfactory solution for SeRine. Coughlin alleged that $25,000 was agreed upon in a telephone conversation between SeRine and himself on September 24, 1984, as the amount of the bonus.

Coughlin performed legal services on behalf of SeRine and in February 1985, SeRine and Republic entered into a settlement agreement whereby the noncompetition clause was rescinded and SeRine granted Republic the right to prepay the balance of the contract for $450,000 rather than the $600,000 then owed. Coughlin alleged that he vigorously pursued SeRine's interests resulting in the settlement agreement. Coughlin invoiced SeRine for his fees and SeRine paid Coughlin the full amount of $10,500.

Coughlin thereafter sought payment of the alleged $25,000 bonus; SeRine refused to pay. On May 13, 1985, Coughlin sued SeRine for breach of contract and for *quantum meruit* and received an attorney's lien against a $50,000 payment from the stock redemption

agreement which was deposited in escrow. On June 21, 1985, SeRine answered the complaint and filed a counterclaim seeking recovery of unnecessary fees already paid by SeRine to Coughlin, punitive damages, and release of Coughlin's attorney's lien.

On July 3, 1985, Coughlin filed a section 2—615 (Ill. Rev. Stat. 1985, ch. 110, par. 2—615) motion to dismiss the counterclaim for failure to state a cause of action, which was granted on October 4, 1985, with SeRine given 28 days to file an amended counterclaim. On October 28, 1985, SeRine filed an amended counterclaim, to which Coughlin asserted a new section 2—615 motion to dismiss. This motion was granted with leave to file a second amended counterclaim. A second amended counterclaim, essentially a repetition of the preceding pleading, was filed sounding in professional malpractice, breach of fiduciary duty, accounting, breach of contract, and fraud, in separate counts and all related to the alleged charging by Coughlin of excessive fees. Coughlin filed yet another section 2—615 motion to dismiss, which was granted by the circuit court, after receiving written memoranda and hearing oral arguments. The order contained language to the effect that there was no just reason to delay enforcement or appeal from the order. On May 23, 1986, SeRine filed a motion for clarification of the dismissal order and a new counterclaim, this time seeking a declaratory ruling that the attorney's lien was invalid and unenforceable and that the escrowed property was not subject to the lien. SeRine sought an order commanding the release of the escrowed property held subject to the attorney's lien. Coughlin answered the counterclaim on June 3, 1986, and opposed the motion for clarification. Thereafter, on June 11, 1986, SeRine filed his notice of appeal to this court. Coughlin's original complaint and SeRine's subsequent counterclaim remain pending below. It is not claimed that the pending counterclaim was intended to replace the second amended counterclaim.

▆ In reviewing the dismissal of SeRine's second amended counterclaim, all well-pleaded facts and reasonable inferences taken therefrom must be taken as admitted and true. (*City of Chicago v. Loitz* (1975), 61 Ill. 2d 92, 93, 329 N.E.2d 208; *Rothe v. Maloney Cadillac, Inc.* (1986), 142 Ill. App. 3d 937, 939, 492 N.E.2d 497; *Moroni v. Intrusion-Prepakt, Inc.* (1960), 24 Ill. App. 2d 534, 540-41, 165 N.E.2d 346.) We must determine whether those facts as stated are sufficient, as a matter of law, to support the cause of action and permit counterplaintiff to proceed to trial.

▆▆ Count I of SeRine's second amended counterclaim sounds in attorney malpractice. The malpractice claim is based upon unnec-

essary services, unauthorized services, demand of a bonus for which there was no agreement, and negligence. In order to state a cause of action for attorney malpractice the countercomplaint must plead: (1) the existence of an attorney-client relationship; (2) a duty arising from that relationship; (3) a breach of that duty; (4) causation; and (5) resulting damages. (*Bartholomew v. Crockett* (1985), 131 Ill. App. 3d 456, 465, 475 N.E.2d 1035; *Cook v. Gould* (1982), 109 Ill. App. 3d 311, 314, 440 N.E.2d 448.) Here, SeRine has alleged facts which satisfy each of these elements, asserting that: an attorney-client relationship existed with its accompanying duties; he was overcharged by Coughlin, who was under a duty not to do so; Coughlin should not have accepted the employment if it was unfamiliar to him and would require more time to perform than considered normal; Coughlin billed him for more hours than should have been required to perform the work; and he was damaged by having paid more to Coughlin than should have been necessary.

■ SeRine relied on the Code of Professional Responsibility and on general malpractice case law in support of his action. (87 Ill. 2d Rules 2—106, 6—101; *Brainerd v. Kates* (1979), 68 Ill. App. 3d 781, 386 N.E.2d 586, *appeal denied* (1979), 75 Ill. 2d 589; *Rogers v. Robson, Masters, Ryan, Brumund & Belom* (1979), 74 Ill. App. 3d 467, 392 N.E.2d 1365, *aff'd* (1980), 81 Ill. 2d 201.) In *Rogers* the court stated (74 Ill. App. 3d 467, 472-73):

> "While it has been held in a disciplinary proceeding that the Code of Professional Responsibility is not binding on the court, the same decision recognizes that the Canons of Ethics contained in the Code constitute a safe guide for professional conduct and an attorney may be disciplined for not observing them. (*In re Taylor* (1977), 66 Ill. 2d 567, 363 N.E.2d 845.) It is true that the present action is one for malpractice and not a disciplinary proceeding, but it would be anomalous indeed to hold that professional standards of ethics are not relevant considerations in a tort action, but are in a disciplinary proceeding. Both malpractice actions and disciplinary proceedings involve conduct failing to adhere to certain minimum standards and we reject any suggestion that ethical standards are not relevant considerations in each."

An attorney obviously owes his client a duty not to overcharge; exorbitant, excessive, or fraudulent fees can be challenged. (*People v. Kinion* (1983), 97 Ill. 2d 322, 332, 454 N.E.2d 625; 87 Ill. 2d R.2—106.) This alleged breach, therefore, is cognizable as malpractice and actionable since it literally fits the action's definition. Accordingly, the

circuit court must be held to have erred in dismissing count I of the second amended counterclaim.

■■ Additionally, the circuit court also premised its dismissal on the fact that SeRine had already paid Coughlin for his services. The payment did not constitute a waiver of Coughlin's alleged breach of duty, especially where, as here, the client alleges that he was unaware of the breach. *Drake v. Becker* (1973), 14 Ill. App. 3d 690, 697, 303 N.E.2d 212.

■■ Count II of the second amended counterclaim alleges a breach of fiduciary duty. A fiduciary relationship exists as a matter of law between an attorney and his client and it is incumbent upon the attorney that he exercise the utmost good faith and fairness in dealing with the client. (*Drake v. Becker* (1973), 14 Ill. App. 3d 690, 696, 303 N.E.2d 212.) Count II of the second amended counterclaim alleged that Coughlin breached his fiduciary duty to SeRine by: billing SeRine for legal services which were unnecessary to the handling of SeRine's case, thereby unlawfully profiting; overcharging fees; and seeking a bonus not agreed upon. The cause of action for breach of fiduciary duty was adequately pleaded; its dismissal by the circuit court was error.

■■ The circuit court dismissed SeRine's count IV sounding in breach of contract. The allegations for the cause of action assert the existence of a contract between Coughlin and SeRine with the agreement for payment set forth in the invoices submitted by the former to the latter. The alleged breach is claimed by reason of Coughlin's demand for an additional $25,000 to which SeRine did not agree; Coughlin's having filed an attorney's lien against SeRine's funds, thereby depriving SeRine of the use of his money; and the performance of unnecessary services by Coughlin for SeRine. The dismissal of this count by the court was premised largely upon SeRine's having paid Coughlin prior to filing the counterclaim. Paying the attorney's fee prior to filing an action for excessive fees, however, has been explicitly found not to constitute a waiver of claims against or contests of those fees. (*Drake v. Becker* (1973), 14 Ill. App. 3d 690, 697, 303 N.E.2d 212.) The dismissal of the contract count was in error. This count, indeed, provides the ordinary grounds for attorney-client fee actions.

With respect to counts III and V, seeking an accounting and charging fraud, respectively, we find the circuit court's dismissal correct.

■■ ■ An accounting may be ordered, in the court's discretion, only when some basis and need for such relief is pleaded. (*Sharps v.*

*Stein* (1980), 90 Ill. App. 3d 435, 442, 413 N.E.2d 75.) Count III seeks "a full accounting, by way of itemized time billing for all time expended on work for" SeRine and that Coughlin be ordered to return such fees as resulted from "over-reaching, churning and unnecessary generation of fees" by Coughlin. Attached to the second amended counterclaim as exhibits are invoices for services rendered, setting forth a detailed description of the nature of the services rendered, followed by the dates on which the services were rendered, the hours expended and the fees charged, as extended. Evidently, SeRine seeks a revised bill within which will be shown the exact number of hours, or fractions thereof, attributable to each service asserted to have been performed. Such information should be readily available by pursuing appropriate discovery, or even at trial, as part of the causes of action recognized in counts I, II, and IV, rather than as a separate action for accounting. We cannot say that the court abused its discretion in dismissing count III of the second amended counterclaim.

As to count V sounding in fraud, such allegations must be pleaded with specificity, particularity, and certainty, asserting that: (1) Coughlin made a representation of material facts as opposed to opinion; (2) the representation made was untrue; (3) Coughlin knew or believed the representation to be untrue; (4) SeRine had a right to rely on it and in fact did so; (5) the representation was made for the purpose of inducing SeRine to act, or to refrain from acting, upon it; and (6) the representation made led to the injury of SeRine, who relied upon it. (*Wolford v. Household Finance Corp.* (1982), 105 Ill. App. 3d 1102, 1104, 435 N.E.2d 528; *Goetz v. Avildsen Tool & Machines, Inc.* (1980), 82 Ill. App. 3d 1054, 403 N.E.2d 555; *Lincolnland Properties, Inc. v. Butterworth Apartments, Inc.* (1978), 65 Ill. App. 3d 907, 382 N.E.2d 1250.) For purposes of review, Coughlin, by his motion to dismiss, admitted all facts well pleaded together with all reasonable inferences which can be drawn from those facts but did not admit conclusions of law or conclusions of fact unsupported by allegations of specific facts upon which such conclusions rest. *Denkewalter v. Wolberg* (1980), 82 Ill. App. 3d 569, 402 N.E.2d 885.

The fraud alleged in count V is that Coughlin represented to SeRine that he would be billed only for "reasonable and necessary work" but that the work was neither reasonable nor necessary. Thereby, the representations were false, which Coughlin knew, and were made with the intent to deceive SeRine, who paid the attorney fees in reliance upon the false statements. Such compulsory allega-

tions are clearly insufficient upon which to pursue an action for fraud and were properly dismissed by the circuit court.

Affirmed in part, reversed in part and remanded.

STAMOS, J., concurs.

JUSTICE BILANDIC, concurring in part and dissenting in part:
This case involves a dispute between an attorney and his client regarding their contractual relationship dealing with fees. I agree with the majority in reversing the trial court's dismissal of count IV of the counterclaim, which alleges a breach of contract for fees. This provides a proper basis for resolving the dispute. I also agree with the majority in affirming the dismissal of counts III and V.

However, I respectfully dissent from the majority's reversal of the trial court's dismissal of count I charging attorney malpractice and count II charging a breach of fiduciary relationship.

An attorney is presumed to have discharged his duty to his client, and the burden is on the client "to *allege* and prove *every fact* essential to establish defendant's duty and a violation of it." (Emphasis added.) (*Bronstein v. Kalcheim & Kalcheim, Ltd.* (1980), 90 Ill. App. 3d 957, 959, 414 N.E.2d 96.) A complaint may not rest upon conclusions of fact unsupported by allegations of specific facts from which such conclusions may be drawn. (*Payne v. River Forest State Bank & Trust* (1980), 81 Ill. App. 3d 1128, 1134, 401 N.E.2d 1229, *appeal denied* (1980), 81 Ill. 2d 594.) An actionable wrong cannot be made out by the profuse interpolation of adjectives characterizing an act as having been wrongly done. (*Alswang v. Claybon* (1976), 40 Ill. App. 3d 147, 151, 351 N.E.2d 285.) The doctrine of liberal construction of pleadings does not require a defendant to go to trial on a complaint that does not allege facts sufficient for a cause of action. *Tondre v. Pontiac School District No. 105* (1975), 33 Ill. App. 3d 838, 841, 342 N.E.2d 290.

In *Harvey v. Mackay* (1982), 109 Ill. App. 3d 582, 440 N.E.2d 1022, *appeal denied* (1983), 92 Ill. 2d 574, a client sued her lawyer for failure to bring a malpractice action against one Connor, her previous attorney. The court described the complaint as "plaintiff's conclusions to the effect that Connor fraudulently concealed wrongful acts which took place during the administration of her father's estate. None of these fraudulent acts is alleged. Plaintiff then concludes that because of defendant's breach of contract she could not recover her losses from Connor for his malpractice." (109 Ill. App.

3d 582, 588, 440 N.E.2d 1022.) The court held that the pleading "is insufficient because it does not plead sufficient facts to allege a breach of contract by defendant. There are no facts alleged which purport to show what acts constitute a breach." 109 Ill. App. 3d 582, 588, 440 N.E.2d 1022.

In the case before us, to support his allegations of malpractice and a breach of fiduciary relationship, SeRine merely alleges the conclusions that his attorney expended more time than was necessary considering the simplicity of the issues presented, performed work which was not necessary or authorized, and requested greater compensation by way of a bonus than was originally agreed. SeRine failed to allege any facts to support these conclusions.

SeRine's brief concedes that "[t]he legal services rendered by Coughlin pertaining to the covenant not to compete were satisfactorily performed." The record amply supports this concession. When SeRine engaged Coughlin, he was bound by an agreement whereby he sold his interest in a business for $1,200,000 to be paid over a period of time, and was restricted from engaging in a competing business. Through Coughlin's efforts, the restrictions were released and payment was accelerated. Legally and economically, SeRine was better off than before. Under this state of the record with the meager allegations before us, it is not appropriate to require an attorney to respond to an action which challenges his professional competence and integrity.

Itemized legal bills are attached to plaintiff's complaint, so there should be little doubt as to what services were performed. The bills were paid. Also attached to plaintiff's complaint is a letter sent to SeRine on the very first day that he engaged Coughlin as his attorney which provides, in part:

> "With respect to the bonus, the actual amount and the nature of the bonus shall be determined by agreement of the parties hereto. In the event that an agreement cannot be reached, then either party may submit this matter to the Chicago Bar Association's Committee on Professional Fees, which shall appoint a panel of arbitrators to determine the amount of any bonus."

This does not reflect a disposition to overcharge or breach a fiduciary relationship.

I am not aware of any case where an attorney accomplished every objective desired by his client and then had to respond to an action for malpractice or breach of fiduciary relationship.

SeRine's counterclaim does not refer to either the Code of Pro-

fessional Responsibility or Canons of Ethics generally, nor does it identify any specific provision. No facts are alleged which would constitute a breach of the Code or Canons.

*Schmidt v. Hinshaw, Culbertson, Moelmann, Hoban and Fuller* (1979), 75 Ill. App. 3d 516, 394 N.E.2d 559, involves an apparent conflict of interest on the part of attorneys. The court concluded that violations of the Code of Professional Responsibility are not actionable *per se.* "We are not aware of any case in Illinois holding that an attorney may be guilty of malpractice for representing conflicting interests." 75 Ill. App. 3d 516, 524, 394 N.E.2d 559.

The majority relies on *Rogers v. Robson, Masters, Ryan, Brumund & Belom* (1979), 74 Ill. App. 3d 467, 392 N.E.2d 1365, *aff'd* (1980), 81 Ill. 2d 201, which is distinguishable from the case at bar. In *Rogers,* the attorney failed to follow his client's specific instructions which deprived the client of the right to pursue a legal remedy. Here, Coughlin followed instructions and the client benefited. The only remaining dispute involves legal fees. Plaintiff's complaint, defendant's answer, and count IV of his counterclaim alleging breach of contract are adequate to resolve this dispute.