RENEE PARKS, on behalf of Corey Parks, a Minor, Petitioner-Appellant, v. JOHN ROMANS, Respondent-Appellee.

First District (1st Division)   No. 1—88—1924

Opinion filed August 14, 1989.

Cecil A. Partee, State's Attorney, of Chicago (Caroline O. Shoenberger and Leonard N. Foster, Assistant State's Attorneys, of counsel), for appellant.

Bernard Davis, of Chicago (Leonard D. Litwin, of counsel), for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:

This is an appeal from an order of the trial court limiting the amount of child support to the amount granted by the Illinois Department of Public Aid (IDPA), denying retroactive support and entering a withholding order applicable only to defendant's current employer. We reverse and remand for further proceedings.

On December 29, 1986, Renee Parks, a public aid recipient, filed a complaint alleging that defendant, John Romans, was the father of her minor child, Corey L. Parks. A paternity judgment was entered against Romans on February 24, 1987.

At a support hearing held on July 24, 1987, Romans testified that he was regularly employed, that his semimonthly net income was $644.86, and that he contributed to the support of a 35-year-old sister in Jamaica. His attorney later informed the court that he was also providing some support for another child attending college in New York.

The court took judicial notice that the assistance grant for a parent and two children is $341 per month, with $76.50 per month attributable to each child. The court held that the only consideration in the case was the amount of reimbursement due IDPA and entered an order for current support of $76.50 per month. Over the objections of plaintiff's counsel, the court ordered that payment would not begin

until September 1, 1987. The trial court also entered a withholding order showing defendant's current employer as the payor over plaintiff's objection that the order should be made applicable to any payor. The court further held that the State's Attorney could not represent both the custodial parent and the IDPA in the proceedings and that the withholding statute, as written, was unenforceable.

On appeal plaintiff contends that the trial court erred in limiting the amount of support to the amount of the assistance grant as defendant's earnings mandated a higher award under the statutory guidelines. Plaintiff maintains that the minor child is entitled to 20% of defendant's net income under the statute ($128.97 semimonthly) and that the court 'impermissibly awarded a lesser amount without justifying doing so with written findings. Defendant contends that the child's public aid status and the amount of public aid received were relevant factors to be considered by the trial court under section 505(a) of the Illinois Marriage and Dissolution of Marriage Act (the Dissolution Act) (Ill. Rev. Stat. 1987, ch. 40, par. 505(a)), and therefore, the trial court's support order in the amount of the public aid award was not an abuse of discretion.

■ The Illinois Parentage Act of 1984 (Ill. Rev. Stat. 1987, ch. 40, par. 2501 *et seq.*) provides in pertinent part:

"[I]n determining the amount of any child support award, the court shall use the guidelines and standards set forth in subsection (a) of Section 505 of the Illinois Marriage and Dissolution of Marriage Act ***." Ill. Rev. Stat. 1987, ch. 40, par. 2514(a).

■ ■ Section 505(a) of the Dissolution Act sets the guidelines for a single child at 20% of the supporting parent's net income as determined under subsection 505(a)(3). Subsection 505(a)(2) provides that the 20% guideline shall be applied unless there is evidence to support deviation, lists some relevant factors and requires the court to make express findings to justify a lower award. Section 505(a) has been held to create a rebuttable presumption that a specified percentage of a noncustodial parent's income constitutes an appropriate child support award. (See *In re Marriage of Blaisdell* (1986), 142 Ill. App. 3d 1034, 1041-42, 492 N.E.2d 622.) Moreover, consideration of the statutory provisions of section 505(a) is mandatory rather than directory. (*In re Marriage of Hilkovitch* (1984), 124 Ill. App. 3d 401, 416, 464 N.E.2d 795.) A trial court deviating from the guidelines is required to consider evidence on such factors as the financial resources and needs of the child and the custodial and noncustodial parents, the standard of living the child would have enjoyed if the household had been one, and the physical and emotional condition of the child and his educational

needs. Ill. Rev. Stat. 1987, ch. 40, par. 505(a)(2).

The trial court here did not hear evidence on the above statutory factors. The court instead concluded that the only relevant issue was the amount of reimbursement due IDPA and held that the amount mandated by the guidelines could be awarded only if safeguards were established to prevent plaintiff and her other child from benefitting from the support money paid on behalf of the minor in issue here. While recognizing that the guidelines are mandatory, the court declined to follow them in the apparent belief that pursuant to the Deficit Reduction Act of 1984, Public Law No. 98—369 (98 Stat. 494) (codified as amended in 42 U.S.C. §602 (Supp. IV 1986)) to do so would require defendant to pay an amount that would result in the family's entire assistance grant being cancelled.

This concern is unwarranted. Although under the Deficit Reduction Act plaintiff's monthly grant would be reduced as a result of the support from the noncustodial father, the effect here would not cause plaintiff's grant to be cancelled. The first $50 per month of child support collected by the State from the noncustodial parent is "passed through" to the family receiving assistance. Plaintiff here, therefore, would receive her monthly assistance grant of $341 for herself and two children plus the first $50 of the child support payment assigned by plaintiff to the State. Assuming the minor's expenses were, in fact, $76.50 per month, the minor child would be "contributing" one-third of the $391 total grant or $131 to the household, $54.50 over the amount allocated to the minor by Aid to Families with Dependent Children (AFDC). This result is more consistent with the purpose of the AFDC program, which is to insure the well-being of children irrespective of whether their parents were ever married, than the application of a presumption that a child on AFDC is only entitled to a child support award in the amount of an AFDC grant.

We find that *People ex rel. Sheppard v. Money* (1988), 124 Ill. 2d 265, 529 N.E.2d 542, is controlling here. In *Sheppard,* the same trial court entered a child support award equal to the monthly amount that the minor received in public aid. The Illinois Supreme Court reversed and remanded for a determination of the amount of support appropriate in light of the guidelines set forth in section 14(a) of the Illinois Parentage Act of 1984 (Ill. Rev. Stat. 1987, ch. 40, par. 2514(a)).

In the case at bar the trial court also held that the withholding order statute was an invalid mandate of legislative authority to the judiciary and that the statute also improperly delegated judicial authority to employers and to the clerk of the court. Accordingly, the court entered an order for withholding showing the name and address

of defendant's current employer rather than making the order applicable to "any payor" as requested by plaintiff. Plaintiff now contends that this was error, where the statute provides that the order for withholding shall direct "any payor" to withhold an amount equal to the order for support. See Ill. Rev. Stat. 1987, ch. 40, par. 2520(B)(3).

This issue also is controlled by *People ex rel. Sheppard v. Money* (1988), 124 Ill. 2d 265, 529 N.E.2d 542. In *Sheppard*, the trial court had entered an order holding that the withholding statute was unconstitutional. Upon direct appeal pursuant to Supreme Court Rule 302 (107 Ill. 2d R. 302), the supreme court reversed. The court stated:

> "[W]e conclude that the procedures for wage withholding afford substantial protection to an obligor's interest in his or her property. Withholding does not cut off other substantive rights, as the amount of withholding may be adjusted. An obligor is not denied access to the courts. The obligor is afforded adequate notice of the opportunity to be heard at meaningful times and in a meaningful manner." (*Sheppard*, 124 Ill. 2d at 280.)

The court noted that "[t]he entry of an order for withholding directed to 'any payor' is consistent with the congressional mandate and our legislative scheme." (*Sheppard*, 124 Ill. 2d at 282.) The court reasoned that since an order for withholding must apply to any source of income available to the obligor and not just to a single employer, it was necessary that orders be directed to "any payor" in order to accomplish the legislative goals. (*Sheppard*, 124 Ill. 2d at 283.) In light of *Sheppard*, we remand this matter to the trial court with directions to enter an order of withholding directed to "any payor" rather than solely to defendant's current employer.

Plaintiff also contends that the trial court erred in holding that an inherent conflict of interest between plaintiff and the IDPA precluded the State's Attorney from representing both. Plaintiff points out that although the complaint at issue was signed by Renee Parks on behalf of the minor, Corey Parks, the trial court based its ruling solely on the reimbursement claim of IDPA, holding that where there was an IDPA grant, the State's Attorney could not represent the interest of the grantee. Defendant maintains that it was sufficient that a hearing was held prior to the entry of the support award and contends that plaintiff was adequately represented. Defendant further suggests that if the child was prejudiced thereby, she could show a change of circumstances and seek modification of the support order.

Although plaintiff was ostensibly represented by the State's Attorney's office, the trial court found that the only relevant support issue was the amount of the IDPA grant to the minor child. Thus the

trial court refused to consider plaintiff's claim that under section 505 of the Dissolution Act (Ill. Rev. Stat. 1987, ch. 40, par. 505), plaintiff might be entitled to 20% of the defendant father's income, an amount substantially higher than the $76.50 IDPA grant. Plaintiff's interest was clearly independent of the IDPA's interest in reimbursement. Therefore we must consider whether the alleged conflict existed and whether plaintiff's due process rights were denied as a result of the trial court's ruling.

■ Pursuant to section 12–16 of the Illinois Public Aid Code (Ill. Rev. Stat. 1987, ch. 23, par. 12–16), IDPA has contracted for representation in Cook County by the State's Attorney's office. Section 18(b) of the Illinois Parentage Act of 1984 (Ill. Rev. Stat. 1987, ch. 40, par. 2518(b)) provides that upon the request of a mother or child seeking to establish paternity, the State's Attorney must represent the mother or child in the trial court for the purpose of establishing or enforcing an order for support.

The IDPA grant received by the minor child is provided under the Title IV-D program of the Social Security Act. It is provided in order to insure that the grant family will not be at risk for lack of food, clothing and shelter. As in any insurance program, IDPA as the insurer reserves the right to proceed against a third party liable for support of the grant family in order to recover its payments from any third-party recovery. Not only are the custodial parent and the minor child necessary parties in an action to recover from a third-party obligor, the parent and child agreed to IDPA's right of reimbursement as a condition of receiving the assistance grant. The recipient plaintiff is not required to repay IDPA for past benefits unless retroactive support is collected from defendant.

We recognize that if the support from defendant was sufficient to cancel all assistance to the family, a potential conflict would arise which would require informed consent. Here, however, the interest of the IDPA and the recipient are not in conflict and the State's Attorney would have been able to represent the interests of both. (See *Rogers v. Robson, Masters, Ryan, Brumund & Belom* (1979), 74 Ill. App. 3d 467, 473-74, 392 N.E.2d 1365, *aff'd* (1980), 81 Ill. 2d 201, 407 N.E.2d 47.) We therefore hold that the trial court erred in terminating plaintiff's representation by the State's Attorney's office and erred in holding that the State's Attorney's office could not represent the custodial parent where the parent was the recipient of an IDPA grant where, as here, there was no conflict of interest.

Plaintiff's final argument is that the trial court erred in denying retroactive support and making the support order effective six weeks

after the entry of the order.

■ The statute provides that the court may order any child support payments to be made for a period prior to the commencement of the action, including payments to reimburse any public agency for assistance granted on behalf of the child. (See Ill. Rev. Stat. 1987, ch. 40, par. 2514(b).) Courts are directed to consider five equitable factors in determining whether retroactive support should be ordered, including the extent to which the mother and the public agency previously informed the father of the child's needs and the extent to which the father would be prejudiced by the delay in bringing the action.

■ While plaintiff sought to reserve the issue of retroactive support, the record reflects no evidence of the amount of support paid by public aid for which reimbursement was sought and no petition for reimbursement was filed. The only factors considered by the trial court were that the father was employed at a salary of approximately $19,000 per year, and that he was economically assisting a disabled sister in Jamaica and another child in college in New York. Because the requisite statutory factors were not adequately addressed in the trial court, we remand with directions to determine whether retroactive benefits are appropriate in accordance with section 14(b) of the Illinois Parentage Act of 1984 (Ill. Rev. Stat. 1987, ch. 40, par. 2514(b)).

For the reasons stated above, we reverse the judgment of the circuit court of Cook County and remand with directions to determine the appropriate amount of child support, to enter a withholding order in accordance with the statutory guidelines, and to determine whether child support should be granted retroactively based on the factors set out in section 14(b) of the Illinois Parentage Act of 1984 (Ill. Rev. Stat. 1987, ch. 40, par. 2514(b)).

Judgment reversed and remanded with directions.

CAMPBELL and BUCKLEY, JJ., concur.