BRENT L. SMITH, Plaintiff-Appellant, *v.* NEIL KURTZMAN *et al.*, Defendants-Appellees.

First District (3rd Division)    No. 81-853

Opinion filed March 31, 1982.—Modified on denial of rehearing May 26, 1982.

Dalton P. Grief, of Chicago, for appellant.

Clausen, Miller, Gorman, Caffrey & Witous, of Chicago (James T. Ferrini, James O. Nolan, and Michael J. Carrigan, of counsel), for appellees.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, Brent L. Smith, appeals from the denial of his motion to vacate the dismissal of a fourth amended complaint and for leave to file a fifth amended complaint in an action arising from the defendant doctors' alleged medical malpractice. The trial court dismissed the amended complaint as barred by the new four-year statute of limitations applicable to medical malpractice actions. (Ill. Rev. Stat. 1977, ch. 83, par. 22.1.) On appeal, plaintiff contends that the predecessor five-year limitations period is applicable; that the fourth amended complaint was timely filed under the so-called discovery rule; that the statute of limitations was tolled by defendants' fraudulent concealment of plaintiff's cause of action; and that the court should have permitted the filing of the fifth amended complaint since it alleges a conspiracy between defendants to wilfully withhold information and misadvise plaintiff resulting in damages.

A limitations statute which shortens the time for filing an action may be applied retroactively if a reasonable time remains for plaintiff to file after the effective day of the new statute. (*Anderson v. Wagner* (1979), 79 Ill. 2d 295, 402 N.E.2d 560.) Section 21.1 (Ill. Rev. Stat. 1977, ch. 83, par. 22.1) was amended, effective September 19, 1976, to reduce the outside limit for filing a medical malpractice action from five years to four years. The acts of negligence alleged in the present fourth amended complaint consisted of a kidney transplant, infection, failure to treat the infection, assignment of plaintiff to a quarantined room, the removal of the infected kidney, and the advice given to plaintiff that the kidney was rejected by his body. Unrefuted hospital records attached to defendants' motion demonstrated that these acts occurred sometime between August 9, 1974, and October 21, 1974, the date plaintiff was discharged from the hospital. On the effective date of the four-year limitations period, plaintiff had, at a minimum, until August 9, 1978, to file suit. Twenty-two months was clearly a reasonable time remaining to file under the new statute. (*Anderson v. Wagner* (1979), 79 Ill. 2d 295, 402 N.E.2d 560;

*Meegan v. Village of Tinley Park* (1972), 52 Ill. 2d 354, 288 N.E.2d 423; *Charles v. Meyer Medical Group*, (1981), 96 Ill. App. 3d 275, 421 N.E.2d 334.) The trial court properly applied the four-year statute.

■■ We also believe that the trial court correctly rejected plaintiff's argument that his action was timely under the discovery rule. The discovery rule provides that a party has two years to file an action measured from the date he discovers both that he suffers an injury and that it was wrongfully caused. (*Witherell v. Weimer* (1981), 85 Ill. 2d 146, 421 N.E.2d 869.) In the context of a medical malpractice action, however, that rule is circumscribed by the outside four-year limitations provision of section 21.1. Hence, because the alleged negligence occurred prior to October 21, 1974, the complaint, filed October 30, 1978, was untimely despite any late discovery by plaintiff. *Cf. Anderson v. Wagner* (1979), 79 Ill. 2d 295, 307-12.

We turn to consider the propriety of denying plaintiff leave to file his fifth amended complaint. Unlike the prior complaints, the fifth amended complaint alleged that the actionable conduct, occurring between October 1974 and September 1975, consisted of defendants' advice that it would be impossible for plaintiff to obtain a second kidney transplant because the kidney would be rejected by the body, as well as their failure to disclose the true reason for the first kidney rejection. The complaint alleged that this conduct caused plaintiff to forego a second operation until January 1, 1977, and that he suffered pain in the interim. Counts I, II and III allege in part that at the time defendants advised plaintiff of the impossibility of a second transplant, they knew that a second transplant could be performed since the first kidney had been rejected by infection. Despite these allegations sounding in intentional misrepresentation, defendants' conduct is conclusorily characterized in the pleadings as negligence, a negligent breach of fiduciary duty, and wilful and wanton misconduct, respectively. Count IV alleges that at the time defendants advised plaintiff of the impossibility of another transplant, they "conspired and agreed among themselves and wilfully and wantonly failed to disclose" the reason for th kidney rejection. Counts V and VI allege that defendants acted carelessly and negligently in treating and misdiagnosing plaintiff's condition.

■■ ■ Mere failure to disclose or remedy the effects of prior acts of malpractice is not a tort distinct from the original malpractice from which it stems. (*Cf. Henning v. United States* (3d Cir. 1971), 446 F.2d 774; *Simcuski v. Saeli* (1978), 44 N.Y.2d 442, 406 N.Y.S.2d 259, 377 N.E.2d 713.) Since counts V and VI fall within this rule, the court properly viewed the four year limitations period as commencing from the original malpractice, and as barring these counts.

Count III, on the other hand, duplicative of certain allegations in

counts I, II, and IV, does state a timely action, not for the original malpractice, but for the subsequent tort of intentional misrepresentation. Plaintiff alleges that, subsequent to October 20, 1974, defendants advised him that a second transplant would be impossible when they actually knew that a successful transplant could be performed since the first kidney rejection had been caused by their own malpractice, and they conspired to withhold from him the true reason for the rejection even though he continued in their care from October 1974 to September 1975. *Simcuski v. Saeli* is instructive. In that case plaintiff alleged that a physician negligently severed a nerve, fraudulently concealed the malpractice, and falsely assured plaintiff that the post-operation therapy would effect a cure. Plaintiff asserted that these acts deprived her of seeking an effective cure of her condition. The intermediate New York court held that the subsequent misconduct related back and was part of the original malpractice for purposes of the statute of limitations. (*Simcuski v. Saeli* (1977), 57 App. Div. 711, 395 N.Y.S.2d 776.) The highest New York court reversed that decision, however, and held that a separate tort of fraud was properly alleged, and that the complaint was timely. *Simcuski v. Saeli* (1978), 44 N.Y.2d 442, 406 N.Y.S.2d 259, 377 N.E.2d 713.

■■ In the present case, plaintiff alleged his reliance on an affirmative, intentional misrepresentation occurring subsequent to the malpractice which caused him to forego a proper cure of his condition. We believe that such affirmative conduct, if proved, sufficiently breaks the continuity of the original malpractice so as to start the statute running anew from the date of the affirmative acts. Although the pleadings are inartfully drawn to the extent that they duplicate portions of other counts, and in that defendants' conduct is couched in the conclusory term of wilful and wanton misconduct, the factual allegations control our determination of whether a cause of action for intentional misrepresentation is stated. (See, *e.g., Skinner v. Reed-Prentice Division Package Machinery Co.* (1977), 70 Ill. 2d 1, 394 N.E.2d 437.) Count III states a cause of action. The pertinent allegations in the remaining counts are repetitive and were properly rejected by the trial court.

We note that our holding does not affect the law pertaining to fraudulent concealment, which operates to toll a statute of limitations so that an action for the original malpractice may be filed if plaintiff exercises due diligence after discovery of fraud. (See, *e.g., Anderson v. Wagner.*) We hold only that where sufficiently distinct misconduct allegedly occurs subsequent to medical malpractice, an action limited to redress for damages caused by the subsequent tort does not relate back to the original malpractice for purposes of the statute of limitations.

Such a holding does not circumvent the policies underlying the enactment of section 21.1. Recently, our supreme court recognized that the

four-year limitations provision does not exist in an all-encompassing vacuum when it held that a defendant, in some cases, may be equitably estopped from invoking the protection of the statute. (*Witherell v. Weimer.*) Similarly, we do not believe the legislature intended that an original act of malpractice should protect a defendant from subsequent, distinct, affirmative conduct.

For the foregoing reasons, the judgment of the circuit court of Cook County denying leave to plaintiff to file counts I, II, VI, and IV, V of the fifth amended complaint is affirmed. The judgment denying leave to file count III is reversed and the cause is remanded for further proceedings consistent with the holdings of this opinion.

Affirmed in part; reversed and remanded in part.

McGILLICUDDY and RIZZI, JJ., concur.