JAMES CALHOUN, Plaintiff-Appellant, v. LEON C. RANE, Defendant-Appellee.

First District (5th Division) No. 1—91—3033

Opinion filed August 28, 1992.

---

Richard S. Connors, of Chicago, for appellant.

Alholm & Monahan, of Chicago (Peter A. Monahan and Mark A. Kuchler, of counsel), for appellee.

JUSTICE MURRAY delivered the opinion of the court:

James Calhoun (Calhoun), plaintiff, appeals from an order of the trial court dismissing two counts of his three-count amended complaint. The action was filed against his former lawyer, Leon C. Rane (Rane), defendant. The matter still pends in the trial court on one count of Calhoun's complaint against Rane. Jurisdiction is vested in this court by reason of the finding in the order of dismissal that "there is no just reason to delay enforcement or appeal of the order." This language made the otherwise nonfinal order appealable. (See 134 Ill. 2d R. 304(a).) The facts are as follows.

Plaintiff's complaint alleges that Calhoun retained Rane to represent him before the Illinois Industrial Commission (Industrial Commission) in regard to injury claims which arose from Calhoun's employment. Calhoun alleges that although Rane filed petitions with the Industrial Commission, Rane allowed the petitions to be dismissed for want of prosecution, Rane failed to vacate said dismissals or otherwise reinstate the plaintiff's claims, and Rane failed to inform him that his claims for compensation had been dismissed for want of prosecution. Calhoun also alleges that as a result of the above errors and

omissions plaintiff lost his worker's compensation causes of action and his entitlements for his injuries and medical expenses.

Calhoun further alleges that on May 17, 1989, 2½ years after the dismissal of the Industrial Commission complaints, Rane wrote Calhoun a letter asserting that the plaintiff's Industrial Commission complaints were still pending, and stated that "there was an offer of settlement, but that the claims could only be settled for an amount which would net the plaintiff between $400.00 and $500.00."

Rane's answer concedes that he is an attorney licensed to practice law in the State of Illinois. He also admits that he was consulted and employed by Calhoun to represent him as his attorney regarding two alleged injury claims purportedly arising from Calhoun's employment.

Calhoun filed his first three-count complaint alleging professional malpractice, fraud, and the negligent infliction of emotional distress. The defendant responded with a motion to dismiss the plaintiff's complaint pursuant to section 2—615 of the Illinois Code of Civil Procedure. Ill. Rev. Stat. 1989, ch. 110, par. 2—615.

In reply to the defendant's motion to dismiss, the plaintiff filed a response which conceded legal inadequacies with counts II and III, requesting leave to amend those counts. Plaintiff's response otherwise objected to the defendant's motion to dismiss count I. On December 4, 1990, a hearing was held in which plaintiff's count I (professional malpractice) was allowed to stand, and counts II and III were stricken with leave to amend within 28 days.

Plaintiff filed an amended complaint, repeating the allegation of professional malpractice in count I, and alleging breach of fiduciary duty in count II, and wilful and wanton misconduct in count III. Count III included a prayer for punitive damages.

The defendant responded with another motion to dismiss counts II (breach of fiduciary duty) and III (wilful and wanton misconduct) of the amended complaint. The case proceeded to a full hearing on the motion with both parties submitting written briefs in support of their position on the issues.

On August 16, 1991, the trial court heard oral arguments on the motion to dismiss. The trial court ordered that counts II and III of the amended complaint be stricken. Plaintiff filed this timely appeal.

On appeal Calhoun presents the following issues for review: (1) Whether a complaint which contains a count which alleges a breach of fiduciary duty for acts arising out of an attorney-client relationship may state an independent cause of action from another count alleging professional negligence; and (2) whether a complaint which alleges that an attorney took affirmative actions 2½ years following the al-

leged malpractice, in an attempt to cover up those prior acts of malpractice, states an independent cause of action which is separately compensable from the malpractice action and for which the section 2—1115 (Ill. Rev. Stat. 1989, ch. 110, par. 2—1115) prohibition against punitive damages does not apply.

For the following reasons, we affirm the decision of the trial court.

In reviewing a dismissal of an action under section 2—615, the reviewing court must accept all well-pled facts and reasonable inferences as true as well as interpreting the allegations of the complaint in a light most favorable to the plaintiff. (*Petrauskas v. Wexenthaller Realty Management, Inc.* (1989), 186 Ill. App. 3d 820, 542 N.E.2d 902.) A reviewing court must affirm the dismissal if it appears that no set of facts from the complaint could be proven that would entitle plaintiff to relief. *Turner v. Rush Medical College* (1989), 182 Ill. App. 3d 448, 537 N.E.2d 890.

### BREACH OF FIDUCIARY DUTY COUNT

In his appeal Calhoun argues that the trial court erred in dismissing the breach of fiduciary duty count and the wilful and wanton count on the theory that they are separate and independent causes of action from the count alleging professional malpractice.

Count I alleged acts of professional negligence and count II alleged breach of a fiduciary duty. Calhoun maintains that a breach of fiduciary duty is a separate and independently compensable tort in Illinois. Calhoun argues that in ruling that plaintiff could not plead a cause of action for breach of fiduciary duty, separate and independent of the count for professional negligence, the trial court committed error. Conversely, Rane argues that although a party may simultaneously plead a cause of action for legal malpractice, breach of fiduciary duty and fraud, Calhoun's breach of fiduciary duty claim fails to plead a cause of action.

Count I of the amended complaint alleges that Rane is an attorney, licensed to practice law in the State of Illinois, and that Calhoun employed Rane to represent him before the Industrial Commission for injuries Calhoun sustained through his employment. Count I further alleges:

> "4. That it thereupon became and was the duty of the said defendant to counsel and represent the plaintiff according to the common and good practice of reasonably competent attorneys, but notwithstanding his aforesaid duties, the defendant negligently advised and represented the plaintiffs [*sic*] so that,

as a direct and proximate result thereof, the plaintiff's Industrial Commission claims were dismissed for want of prosecution (DWP) and that the plaintiff was therefore caused to and did lose his entire interest in compensation from his industrial injuries, without any consideration therefor, and the plaintiff was caused to, and will in the future, pay great sums of money to treat his industrial injuries without obtaining any right, title or interest in compensation from his employer, and the said plaintiff was caused other great and grievous losses as hereinafter specified.

5. That during the aforesaid period of counseling and representation, the defendant was guilty of one or more of the following negligent and/or incompetent acts or omissions:

(a) Advised and allowed the plaintiff's Industrial Commission claims to be dismissed for want of prosecution without consideration thereof.

(b) Failed to advise the plaintiff to appear before the Industrial Commission to preserve his right to compensation for his industrial injuries.

(c) Failed to vacate the dismissal of the plaintiff's claims for want of prosecution within the time period allowed by law.

(d) Failed to inform the plaintiff that his claims for compensation before the Industrial Commission has [*sic*] been dismissed for want of prosecution.

(e) Failed to advise the plaintiff to vacate the dismissal of said Industrial Commission claims within the time period allowed by law."

Count II of the amended complaint realleges paragraphs 1 through 4 of count I. Count II further alleges:

"5. That by reason of the trust and confidence the plaintiff placed in the defendant pursuant to the attorney-client relationship, and by reason of the defendant's continuing role as attorney for the plaintiff over a period of years, the defendant stood in a relationship of fiduciary to the plaintiff, and as such owed to the plaintiff all the fiduciary duties attendant thereto.

6. That the defendant breached his fiduciary duty to the plaintiff by one or more of the following acts or omissions:

(a) Advised and allowed the plaintiff's Industrial Commission claims to be dismissed for want of prosecution without consideration thereof.

(b) Failed to advise the plaintiff to appear before the Industrial Commission to preserve his right to compensation for his industrial injuries.

(c) Failed to vacate the dismissal of the plaintiff's claims for want of prosecution within the time period allowed by law.

(d) Failed to inform the plaintiff that his claims for compensation before the Industrial Commission has [sic] been dismissed for want of prosecution.

(e) Failed to advise the plaintiff to vacate the dismissal of said Industrial Commission claims within the time period allowed by law."

Calhoun cites *Coughlin v. SeRine* (1987), 154 Ill. App. 3d 510, 507 N.E.2d 505, *Central Bank—Granite City v. Ziaee* (1989), 188 Ill. App. 3d 936, 544 N.E.2d 1121 and *Lurz v. Panek* (1988), 172 Ill. App. 3d 915, 527 N.E.2d 663, in support of his argument that in cases involving allegations of legal malpractice, Illinois has recognized that an injured plaintiff can plead separate counts alleging both professional negligence and a breach of fiduciary duty. Neither the defendant nor this court disputes the fact that it is possible to plead separate counts alleging both professional negligence and a breach of fiduciary duty.

■■ ■ A fiduciary relationship exists as a matter of law between an attorney and his client. (*Coughlin v. SeRine* (1987), 154 Ill. App. 3d 510, 507 N.E.2d 505.) Thus, in effect, any alleged malpractice by an attorney also evidences a simultaneous breach of trust; however, that does not mean every cause of action for professional negligence also sets forth a separate and independent cause of action for breach of fiduciary duty. In the present case, we find that Calhoun has not pled a cause of action for breach of fiduciary duty distinct from the alleged malpractice case still pending in the trial court. A duplicative count may be properly dismissed (*Nagy v. Beckley* (1991), 218 Ill. App. 3d 875, 879, 578 N.E.2d 1134), and as the aforementioned language of counts I and II demonstrates, the allegations in the two counts are virtually identical. Moreover, as the court in *Smith v. Kurtzman* (1982), 106 Ill. App. 3d 712, 714, 436 N.E.2d 1, 3 stated, "Mere failure to disclose or remedy the effects of prior acts of malpractice is not a tort distinct from the original malpractice from which it stems."

Accordingly, for the reasons set forth above we find that the trial court properly dismissed count II of the plaintiff's amended complaint.

### WILFUL AND WANTON COUNT

To plead a cause of action for negligence or wilful and wanton misconduct, plaintiff must allege sufficient facts to establish the existence of a duty, a breach of that duty and an injury proximately resulting from the breach. *Petrauskas v. Wexenthaller Realty Management, Inc.* (1989), 186 Ill. App. 3d 820, 825, 542 N.E.2d 902, citing *Rowe v. State Bank of Lombard* (1988), 125 Ill. 2d 203, 531 N.E.2d 1358.

Calhoun's pleading essentially alleges two related acts of misconduct: (1) a failure by Rane to diligently pursue Calhoun's actions before the Industrial Commission; and (2) Rane's cover up of his previous actions by advising Calhoun that his claims were still pending and offering Calhoun a settlement at a time when the claims had been dismissed for want of prosecution.

■ The State legislature abolished punitive damages in healing art and legal malpractice cases effective August 15, 1985, by the adoption of section 2—1115, which provides:

"§2—1115. Punitive damages not recoverable in healing art and legal malpractice cases. In all cases, whether in tort, contract or otherwise, in which the plaintiff seeks damages by reason of legal, medical, hospital, or other healing art malpractice, no punitive, exemplary, vindictive or aggravated damages shall be allowed." Ill. Rev. Stat. 1989, ch. 110, par. 2—1115, added by Pub. Act 84—7, §1, eff. Aug. 15, 1985.

In *Bernier v. Burris* (1986), 113 Ill. 2d 219, 497 N.E.2d 763, the plaintiff challenged section 2—1115. The trial court had found section 2—1115 unconstitutional; however, the Illinois Supreme Court reversed the decision of the trial court, thus finding section 2—1115 constitutional. The Illinois Supreme Court also noted that other statutes prohibiting the recovery of punitive damages in various types of actions previously have been upheld by the court. (*Bernier*, 113 Ill. 2d at 245, 497 N.E.2d at 776; see also *Siegall v. Solomon* (1960), 19 Ill. 2d 145, 166 N.E.2d 5 (actions for alienation of affections); *Smith v. Hill* (1958), 12 Ill. 2d 588, 147 N.E.2d 321 (actions for breach of promise to marry).) Additionally we note that section 2—109 of the Illinois Code of Civil Procedure prohibits exemplary or punitive damages in the malicious prosecution of medical malpractice cases. Ill. Rev. Stat. 1989, ch. 110, par. 2—109.

Calhoun concedes that count I is a traditional professional negligence count which clearly falls under the provisions of section 2—1115 (Ill. Rev. Stat. 1989, ch. 110, par. 2—1115) and alleges a cause of

action for which punitive damages are now barred. Calhoun did not seek punitive damages in count I.

Calhoun alleges that count III of the amended complaint sets forth an action for wilful and wanton misconduct. Count III incorporates by reference the allegations in counts I and II as well as alleging:

"7. That on or about May 17, 1989 the defendant wrote a letter to the plaintiff telling the plaintiff that the plaintiff's Industrial Commission claims were still pending, and that there was an offer of settlement, but that the claims could only be settled for an amount which would net the plaintiff between $400.00 and $500.00.

8. That the information contained in the letter dated May 17, 1989 was false in that the plaintiff's Industrial Commission claims had been dismissed for want of prosecution on or about 9-3-86 and 11-7-86.

9. That the defendant knew the plaintiff's Industrial Commission claims had been dismissed for want of prosecution prior to May 17, 1989, but that the defendant sent the letter dated May 17, 1989 to the plaintiff for the purpose of advancing the defendant's own purposes, objectives, and goals in an attempt to conceal the defendant's own misconduct in allowing plaintiff's industrial injury claims to be dismissed for want of prosecution.

10. That the letter of May 17, 1989 was written for the purpose of defrauding the plaintiff out of his just compensation, and for the purpose of covering up the defendant's wrongful conduct, and as such is the type of the egregious misconduct which should be punished by an award of punitive damages."

The prayer for relief in count III requests an award of punitive damages.

Calhoun argues: (1) He is seeking punitive damages for acts which are separated in time from Rane's initial malpractice by approximately 2½ years; (2) Rane's offer of money was "clearly defendant's attempt to 'buy' his way out of his malpractice, and thereby forever cover-up his wrongdoing"; and (3) in offering a "hush money" payment to Calhoun, Rane was clearly performing illegal services for himself rather than legal services for Calhoun. Thus, Calhoun maintains that since Rane's wilful and wanton acts "did not arise out of the provision of legal services," punitive damages are not prohibited by section 2—1115.

Plaintiff cites *Central Bank—Granite City v. Ziaee* (1989), 188 Ill. App. 3d 936, 544 N.E.2d 1121, to support his argument for punitive damages. *Central Bank—Granite City* allowed an award of punitive damages in a situation where the defendant doctor and nurse were not providing medical services to the patient/plaintiff, but rather were engaging in fraudulent real estate transactions, unrelated to medicine. Calhoun indicates that he is aware that *Central Bank—Granite City* concerned conduct which occurred prior to the effective date of section 2—1115, but argues that were the decision in *Central Bank—Granite City* to be decided today, subsequent to the effective date of section 2—1115, the ruling would be the same. This court refuses to speculate as to whether the case would be decided the same today.

Calhoun also cites *National Bank v. Doss* (1986), 141 Ill. App. 3d 1065, 491 N.E.2d 106, to support his position regarding punitive damages. However, Calhoun again indicates that the holding of *National Bank* in regard to punitive damages arising from legal malpractice may no longer be applicable following the effective date of section 2—1115. It appears that the wrongful conduct in *National Bank* took place during the rendering of legal services prior to the effective date of section 2—1115; therefore, we do not feel that the holding in *National Bank* has any precedential value in this case.

In *Smith v. Kurtzman* (1982), 106 Ill. App. 3d 712, 715, 436 N.E.2d 1, 4, the plaintiff alleged his reliance on an affirmative, intentional misrepresentation occurring subsequent to the malpractice which caused him to forgo a proper cure of his condition. The court held that such affirmative conduct, if proved, would serve to sufficiently break the continuity of the original malpractice. However, in the present case, aside from the lapse of time, Calhoun has not alleged any facts which would serve to sufficiently break the continuity of the original malpractice.

In *Russell v. Good Shepherd Hospital* (1991), 222 Ill. App. 3d 140, 583 N.E.2d 672, the plaintiff alleged wilful and wanton conduct on the part of the defendant physician during the childbirth of the plaintiff. Plaintiff sought punitive damages in that count. The appellate court held that that the trial court properly dismissed the count based on the statutory bar against punitive damages in medical malpractice actions. The court further held that the fact that the count was otherwise legally sufficient was irrelevant.

In *Williams v. Chicago Osteopathic Medical Center* (1988), 173 Ill. App. 3d 125, 527 N.E.2d 409, this court held that the statutory prohibition of punitive damages in healing art malpractice cases (Ill. Rev. Stat. 1989, ch. 110, par. 2—1115) applied to intentional fraud arising

from the provision of medical services by health care providers. Following this court's interpretation of section 2—1115 in *Williams v. Chicago Osteopathic Medical Center*, we must find that the section 2—1115 prohibition of punitive damages in legal malpractice cases also applies to intentional fraud arising from the provision of legal services.

■ We find that the allegations of wilful and wanton conduct set forth in count III are related to the original acts of professional malpractice set forth in count I; thus, section 2—1115 provides a statutory bar to punitive damages in this case.

Calhoun makes a forceful argument for an exception to the statute and this court agrees that the allegations against the defendant attorney are very serious. In no manner does this court condone the actions alleged in this cause of action; however, in light of section 2—1115, Calhoun's argument needs to be addressed to the State legislature.

For all of the reasons set forth above, we affirm the trial court's decision granting Rane's motion to dismiss counts II and III of Calhoun's complaint and the matter is remanded to the trial court for further proceedings on count I.

Affirmed and remanded.

McNULTY, P.J., and GORDON, J., concur.