FOURTH DIVISION

         March 21, 2002

No. 1-00-4245

FABRICARE EQUIPMENT )

CREDIT CORPORATION, )   Appeal from

) the Circuit Court

Plaintiff-Appellant, ) of Cook County.

)

v. ) No. 98 L 9774

)

BELL, BOYD & LLOYD and )

SANFORD R. GAIL, )     Honorable

) Kathy M. Flanagan,

Defendants-Appellees. ) Judge Presiding.

JUSTICE THEIS delivered the opinion of the court:

Plaintiff, Fabricare Equipment Credit Corporation (FECC) appeals from the order of the circuit court of Cook County dismissing its legal malpractice complaint against defendants, Bell, Boyd & Lloyd and Sanford Gail, one of its partners, pursuant to section 2-615 of the Illinois Code of Civil Procedure.  735 ILCS 5/2-615 (West 1998).  FECC contends on appeal that the trial court erred in finding that it failed to sufficiently plead a cause of action.  For the following reasons, we affirm the judgment of the circuit court.

BACKGROUND

FECC was engaged in the business of securing equipment lease financing for the dry cleaning industry.  On October 30, 1990, it entered into an agreement with Safety-Kleen Corporation (Safety-Kleen), a company that provides waste retrieval and reclamation services to dry cleaner operators and others.  The agreement was negotiated and drafted on FECC's behalf by Bell Boyd & Lloyd (BBL).  Pursuant to the agreement, FECC was to provide Safety-Kleen with a lease financing program and related training, management and personnel to enable Safety-Kleen to market an equipment lease financing service to dry cleaners.  At the end of the term of the agreement, Safety-Kleen was provided with the option "at its sole election" to purchase FECC.  The agreement additionally provided that any proprietary information retained by Safety-Kleen was to be held in strict confidence.  It also provided that for a period of two years following the termination of the agreement, Safety-Kleen would not provide "equipment lease financing services to dry cleaners in the United States."  The agreement terminated on June 30, 1991, due to Safety-Kleen's decision not to exercise its option to purchase FECC.  

 After the termination of the agreement, Safety-Kleen undertook a new program to supply the dry cleaning industry and its customers with reusable dry cleaning bags.  FECC believed that Safety-Kleen was providing lease financing for the program, thereby violating the non-compete provisions of their agreement.  In response to the claimed violation, FECC retained BBL to pursue claims against Safety-Kleen "for breach of contract and associated claims of [FECC] relating to [Safety-Kleen's] breach of the October 30, 1990 [a]greement not to compete with [FECC]."  

The BBL fee agreement provided that "[t]he [c]omplaint shall seek, among other things, a Declaratory Judgment *** as to whether [Safety-Kleen]'s self-financing in its reusable bag program violates its agreement not to provide equipment lease financing services to dry cleaners in competition with [FECC]."  Additionally, the agreement provided that "[i]f [FECC] does not prevail in the [c]ircuit [c]ourt, BBL, after consultation with [FECC], will not be obligated to pursue an appeal which either it or [FECC] believes is not meritorious."

BBL filed a verified complaint seeking a declaratory judgment, and alleging theories of breach of contract and unfair competition.  Specifically, the complaint alleged that Safety-Kleen had misappropriated FECC's confidential and proprietary business information in connection with its reusable bag program, and had violated the non-compete obligations and the confidentiality provisions of the agreement.

Following a bench trial in the Chancery Division of the circuit court, the trial court found that the contract entered into between Safety-Kleen and its dry cleaner customers was not a lease transaction, but rather an installment sales transaction.  The court further found that the information provided to Safety-Kleen was not confidential, and that FECC's proposal for providing equipment leasing services was expressly rejected by Safety-Kleen.  Thus, the court held that Safety-Kleen's actions did not violate the provisions of the non-compete clause, and did not constitute unfair competition based upon the misappropriation of proprietary information or ideas.  BBL initially filed a notice of appeal from that judgment, but subsequently informed FECC that it believed the appeal lacked merit and withdrew it.

On August 20, 1998, FECC commenced its legal malpractice action against BBL and Gail, alleging professional negligence and breach of fiduciary duty in negotiating the agreement with Safety-Kleen and in handling the subsequent litigation.  In its fourth amended complaint, FECC alleges that BBL and Gail breached their duty and negligently committed one or more of the following wrongful acts or omissions:

a) failed to protect FECC from Safety-Kleen's use of the agreement as a means of obtaining its business information and ideas, and methods and manner of operation without payment.

b) failed to pursue the equitable remedies of recission and restitution on the basis of fraud in the inducement or breach of fiduciary duty, and exposed FECC to liability on the attorney fee clause in the agreement.   

c) failed to investigate and pursue a cause of action for breach of the option agreement for Safety-Kleen's failure to conduct the promised test marketing, or to pursue a cause of action for opportunistic use of the agreement in bad faith to obtain FECC's business information and ideas.  

d) failed to investigate and pursue a cause of action under the Illinois Trade Secrets Act, 765 ILCS 1065/1 
et
 
seq.
 (West 1998).

e) misled FECC when they erroneously informed it that an election between legal and equitable remedies needed to be made at the time of the filing of the case, thereby causing FECC to waive its right to a jury trial to save BBL time and preserve its expenditures.  

As a proximate result of the foregoing acts of negligence, it alleges that it lost the underlying litigation, lost profits, the value of its business declined, and it lost the protection of its trade secrets and methods of operation.  

On May 10, 2000, the circuit court granted defendants' section 2-615 motion to dismiss the complaint.  The court concluded that FECC failed to plead sufficient facts to demonstrate that "but for" defendants' alleged negligence, FECC would have prevailed in the underlying litigation.  Additionally, the court held that count II was duplicative of the negligence count and therefore could not form the basis of a separate cause of action.  FECC timely appealed.

ANALYSIS

A motion to dismiss pursuant to section 2-615 of the Code attacks the legal sufficiency of the complaint for having failed to set forth a legally recognized claim as its basis for recovery or for having failed to plead facts which bring a claim within the legally recognized cause of action alleged.  
Illinois Graphics Co. v. Nickum
, 159 Ill. 2d 469, 639 N.E.2d 1282 (1994).  Such motions admit all well-pleaded facts in the complaint and those contained in exhibits to the complaint, together with all reasonable inferences which can be gleaned from those facts, but do not admit conclusions of law or conclusions of fact unsupported by allegations of specific fact. 
Calloway v. Kinkelaar
, 168 Ill. 2d 312, 659 N.E.2d 1322 (1995).  Additionally, factual matters contained within exhibits serve to negate inconsistent allegations of fact contained within the body of the complaint.  
Metrick v. Chatz
, 266 Ill. App. 3d 649, 653, 639 N.E.2d 198, 201 (1994).  We review the circuit court's ruling on a section 2-615 motion under a 
de
 
novo
 standard.  
Doe v. McKay
, 183 Ill. 2d 272, 274, 700 N.E.2d 1018, 1020 (1998).

To plead a cause of action for legal malpractice, a plaintiff must allege facts, which establish (1) that the attorney owed plaintiff a duty arising from the attorney-client relationship, (2) that the duty was breached, (3) the existence of a proximate causal relationship between the defendant's breach of duty and the damages sustained by the plaintiff, and (4) damages.  
Metrick
, 266 Ill. App. 3d at 652, 639 N.E.2d at 200; 
Claire Associates v. Pontikes
, 151 Ill. App. 3d 116, 122, 502 N.E.2d 1186, 1190 (1986).

To satisfy the proximate cause aspect of a malpractice action, the plaintiff must essentially plead and prove a "case within a case," meaning that the malpractice complaint is dependent on the underlying lawsuit.  
Sharpenter v. Lynch
, 233 Ill. App. 3d 319, 323, 599 N.E.2d 464, 467 (1992).  Thus, no malpractice exists unless the plaintiff proves that, but for the attorney's negligence, plaintiff would have been successful in the underlying action.  
Ignarski v. Norbut
, 271 Ill. App. 3d 522, 525-26, 648 N.E.2d 285, 288 (1995).  Therefore, we must consider whether FECC's legal malpractice complaint alleged sufficient facts to establish that it not only had a valid cause of action, but that it would have been successful in that cause.  
Sheppard v. Krol
, 218 Ill. App. 3d 254, 257, 578 N.E.2d 212, 214 (1991).

FECC contends that it has sufficiently plead its "case within a case" where it has alleged that the outcome would have been different had BBL pursued several viable causes of action, including fraud in the inducement, breach of contract in relation to the option to purchase, opportunistic use of contract, and a cause of action under the Illinois Trade Secrets Act.             

Even assuming that these new theories are available, they are all dependent upon proof of damages.  To establish its "case within a case," FECC would have to plead and prove that the trial court's ruling in the underlying case regarding damages would have been different had BBL pled these other viable causes of action.  FECC fails to plead facts that establish how the trial court's ruling, that Safety-Kleen did not misappropriate any confidential information, would have changed but for BBL's failure to investigate and pursue these additional theories of liability or remedies.  

FECC argues that it was damaged, i.e. deprived of its property, by Safety Kleen's misappropriation of its information and ideas regarding how to "tie-in" its waste retrieval services with the reusable dry cleaning bag program.  However, these damages are not recoverable under the common law.  It is well settled that in order for a property right in an idea to be protected, it must be shown to be novel and original.  
Fenton McHugh Productions, Inc. v. S.G.N. Continental Productions Co.
, 105 Ill. App. 3d 481, 485, 434 N.E.2d 537, 541 (1982).  Matters of public or general knowledge in an industry or the community cannot be appropriated since they are not novel.  See 
Cook-Master, Inc.  v. Nicro Steel Products, Inc.
, 339 Ill. App. 519, 533-34, 90 N.E.2d 657, 663  (1950).

The trial court in the underlying case found that "the concept of contractually tying-in services with other services or products is not unique, original or confidential, but is a concept accessible to and utilized in the public and business communities."  Accordingly, even if we assume that BBL was negligent in failing to pursue the above legal theories, FECC has not alleged any facts which would overcome the deficiencies in the underlying action such that the outcome of the case would have been different.  See 
Claire Associates
, 151 Ill. App. 3d at 124, 502 N.E.2d at 1192.

For the same reasons, we reject FECC's argument that had BBL sought recission of the contract and pursued the equitable remedy of restitution, the outcome of the case would have been different.  FECC cannot recover for restitution where it cannot prove that Safety-Kleen unjustly retained something of value for which equity requires compensation.  Moreover, where FECC also alleged a failure to pursue a cause of action under the Illinois Trade Secrets Act, a claim for unjust enrichment would be preempted under the Act.  765 ILCS 1065/8 (West 1998); 
Pope v. Alberto-Culver Co.
, 269 Ill. App. 3d 512, 519, 694 N.E.2d 615, 619 (1998).

We further reject FECC's argument that it successfully pled a "case within a case" regarding defendants' failure to pursue a breach of contract action against Safety-Kleen for failing to "obtain the benefit of its bargain: a properly conducted test marketing program."  FECC does not allege how it was damaged by any failure to obtain such a program other than the loss of confidential and proprietary business information.  As stated previously, the relevant inquiry is not whether alternate theories were available in the underlying litigation, but whether FECC sufficiently plead that but for defendants' negligence, these theories would have been successful.  
Beastall v. Madson
, 235 Ill. App. 3d 95, 100, 600 N.E.2d 1323, 1327 (1992).  

Indeed, FECC acknowledges that the purpose of the test marketing program was to allow Safety-Kleen to determine whether or not it would exercise its option to purchase, an option that was completely discretionary.  Furthermore, the chancery court held that ultimately FECC lost nothing, neither business nor customers.  FECC does not allege facts to establish that the outcome would have been different under its breach of contract action.  Therefore, FECC has failed to sufficiently plead that, but for BBL's alleged negligence, it had a successful underlying cause of action against Safety-Kleen.     We also reject FECC's argument that BBL's approach in the underlying lawsuit exposed FECC to the attorneys' fees clause.  Rather, the exposure was a natural consequence of FECC's decision to litigate its claims against Safety-Kleen.

We next address FECC's contention that it lost the opportunity to submit its legal theories to a jury, which it claims was necessary to avert an unjust outcome and protect plaintiff's substantive rights.  FECC cites 
Jones Motor Co. v. Holtkamp, Liese, Beckemeier & Childress, P.C.
, 197 F.3d 1190 (7
th
 Cir. 1999) in support.  In 
Jones Motor
, the plaintiffs sued their attorney for failing to demand a jury trial on their behalf in the underlying personal injury action against them.  They alleged that the trial judge had a reputation for being pro-plaintiff, and that they would have fared better with a jury.  

While the Seventh Circuit did not rule out the possibility that a malpractice suit could go forward on the basis of a loss of procedural entitlement, (
Jones Motor
, 197 F.3d at 1194), the court concluded that the attorney's waiver of his client's jury trial right in this context did not give rise to a claim for malpractice (197 F.3d at 1195).  The court noted the inherently speculative nature of such a claim, indicating that "[t]here is variance among judges as well as among juries, and it is very hard to say that the average jury is likely to be more favorable to a [party] than the average judge."  
Jones Motor
, 197 F.3d at 1194.  Furthermore, the plaintiff offered no credible evidence of what a jury might have awarded and thus could not prove damages.

   The same is true in the present case.  While FECC claims that its chances for recovery were "significantly and materially greater than before a judge," it has not alleged any facts to support a reasonable inference that it would have been more advantageous to proceed before a jury. 

Lastly, we address FECC's allegations regarding the breach of fiduciary duty.  A fiduciary duty exists as a matter of law between an attorney and his client, but every alleged malpractice by an attorney does not rise to the level of a breach of fiduciary duty.  
Calhoun v. Rane
, 234 Ill. App. 3d 90, 95, 599 N.E.2d 1318, 1321 (1992).  When a breach of fiduciary duty claim is based on the same operative facts as a legal malpractice claim, and results in the same injury, the later claim should be dismissed as duplicative.  See 
Majumdar v. Lurie
, 274 Ill. App. 3d 267, 274, 653 N.E.2d 915, 921 (1995).

Here, in count II, FECC realleges and incorporates 22 out of the 24 counts from count I.  It alleges that BBL and Gail limited the litigation and trial claims available to them and failed to pursue an appeal of the underlying judgment in an effort to elevate their own business interests above those of the client.  Upon review of the complaint, we find that the breach of fiduciary duty claim is virtually identical to the negligence claim in that it alleges the same operative facts and the same resulting injury.  Accordingly, count II was properly dismissed.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

HOFFMAN, P.J., and HARTMAN, J., concur.